John P. Lilleback and A. J. Diamon, as Grantee and Assignee of Florida Bank & Trust Company, a corporation of West Palm Beach, Florida, as Trustee of Palm Beach County, v. Lincoln Fire Insurance Company, of New York.

Division B.

162 So. 866.

Opinion Filed May 21, 1935.

*Boozer & Boozer,* for Plaintiffs in Error;

*Batchelor & Rinehart,* for Defendant in Error.

Terrell, J.—John P. Lilleback and A. J. Diamon, as

plaintiffs, exhibited their declaration in the Circuit Court of Palm Beach County against Lincoln Fire Insurance Company of New York, seeking to recover on two fire insurance policies covering described real estate. The declaration was in the statutory form, Lilleback sued· as purchaser of the property insured, and Diamon as assignee of Lilleback's vendor. Total loss of $500 under each policy was claimed.

To the declaration the defendant tendered pleas challenging the truth of the claim of the interest of the assured as stated in the policy, whether or not plaintiffs were the sole and unconditional owners of the property insured, wether or not Lilleback had an option or a contract to purchase, and charging that the fire was caused by the voluntary act and procurement of Lilleback.

Plaintiffs filed their replication to the first and second pleas admitting their truth but alleged that they held a written contract of purchase. On motion of defendant an order was made requiring plaintiffs to produce their purchase contract. In response to the latter order plaintiffs amended their replication to include the alleged written contract of purchase and certain minutes of the County Commissioners of Palm Beach County on authority of which the Florida Bank and Trust Company, as trustee, executed the purchase contract.

A demurrer to the amended replication was sustained on the ground that it showed the plaintiffs to be clothed with an option rather than with a contract to purchase. Plaintiffs then tendered a new replication setting up an oral purchase of the premises on the part of Lilleback, all evidenced by contract and minutes of the County Commissioners. A demurrer to this replication was sustained because of inconsistent allegations therein.

When the latter demurrer was sustained plaintiffs joined

issue on the pleadings, trial was had, and at the conclusion
of the plaintiff's testimony the court directed a verdict for
the defendant on the ground that the alleged contract relied
on by the plaintiffs was nothing more than an option and
was not a contract to purchase. A new trial was denied,
final judgment was entered, and writ of error was prose-
cuted therefrom.

The insurance policies sued on among other things pro-
vide: (1) That they shall be void if the interest of the as-
sured be not truly stated therein, (2) That they shall be
void if the assured be not the unconditional and sole owner,
(3) That they shall be void if any material matter touching
the insurance or the subject thereof be misrepresented, and
(4) If any change in the title or interest of the property in-
sured be made without the company's consent endorsed on
the policy such change will invalidate it.

When the assured secured the insurance in question if he
departed materially from these provisions in his representa-
tions to the company his policy was fatally defective.
Schroedel v. Humboldt Fire Ins. Co., 158 Pa. St. 459, 27
Atl. 1077; Imperial Fire Ins. Co. v. Coos County, 151 U. S.
452, 14 Sup. Ct. Rep. 379, 38 L. Ed. 231; Phenix Ins. Co.
v. Hilliard, 59 Fla. 590, 52 So. 799; Mutual Life Ins. Co.
of New York v. Hilton-Green, 241 U. S. 613, 36 Sup. Ct.
Rep. 676, 60 L. Ed. 1202.

The vital question raised here is whether or not plain-
tiffs in error at the time of taking the insurance held an op-
tion or a contract to purchase, and it turns on the interpre-
tation of these provisions of the policy in the light of the
representations of the appellant as to his interest in the
premises when the policies were written. The Court below
found that the assured did not represent the correct state of

his title to the insurer and instructed a verdict for the defendant.

The record conclusively shows that the plaintiff in error represented to the defendant in error when the insurance was written that he owned the property under a purchase contract from the Florida Bank and Trust Company, as trustee, and requested the agent to insure it so as to protect him as such purchaser and the bank as seller. The policies were written in this way.

An examination of the instrument relied on by plaintiff to support his title disclosed that it was when executed nothing more than an option to purchase. It is unilateral and imposes no obligation on Lilleback other than to pay $100.00 for the option in addition to $50.00 per month during its life with eight per cent interest. It was not to be recorded but held until the time of exercising the privilege to purchase expired which was November 25, 1931. If purchase was not made by expiration date it automatically terminated without liability to refund anything paid on it.

It is our view, however, that when the option to purchase was accepted and the optionee commenced making payments on it, it then ripened into a contract to purchase. Friseel v. Nicholas, 94 Fla. 403, 114 So. 431. It is shown that the option was accepted and $710.00 of a purchase price of $2,000.00 paid on it before the fire. It is also shown that Lilleback took charge of the property promptly and spent considerable money improving it and that he had secured an extension of the time originally allowed for complying with its terms as originally stated. These latter facts all give support to appellants' contention and lend support to his claim of title.

The option to purchase on the part of Lilleback having ripened into a contract to purchase at the time the insurance

was written and long before the fire we fail to find any misrepresentation as to his title or his interest in the lands insured. Other assignments of error have been examined and while some of them show irregularities they are not reversible.

The judgment below is reversed.

Reversed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.