BEN HAIMOVITZ, O. MERROVITZ, JACOB A. WHITE and W. M. DAVIS v. M. L. ROBB.

178 So. 827.

Opinion Filed December 20, 1937.

Petition for Rehearing Denied February 17, 1938.

*E. B. Drumright,* for Appellants;

*Petteway, Brown & Petteway* and *L. W. Petteway,* for Appellee.

BUFORD, J.—The appeal brings for review the final decree in favor of the complainant in a suit the purpose of which was to compel specific performance of contract to convey certain real estate and to adjudicate compensation for any deficiency in the subject matter of the contract.

The appellant has stated what he terms to be five questions to be determined by this Court. The questions as presented in nowise comply with amended Rule 20. The five questions as stated might be restated as one, "Was the evidence sufficient to support the decree?"

The appellee has stated seven questions, all of which can be resolved into one question, above stated.

Mr. Lewis Petteway has filed a supplemental brief on behalf of the appellee in which questions involved are stated in compliance with Rule 20, as follows:

"1. Will a court of equity decree specific performance of a contract under seal based on a valuable consideration giving to the optionee the privilege of purchasing certain described property at a price and upon terms set out in the agreement, when the optionee has elected to accept and exercise the option, and pursuant thereto has entered into possession of the property with the consent of the optionor, made valuable improvements thereon, and made substantial payments on the purchase price set out in the contract?"

"2. Where a contract provides that unless the privilege to purchase therein granted is exercised on or before a certain date said privilege shall on that date wholly cease, may the grantor after waiving strict compliance by acceptance of installment payments on dates other than those specified in the agreement, shorten the option period by notifying a third party that the option will be terminated on a date prior to the date set out in the agreement unless the optionee makes certain payments immediately and at the same time executes a release of the property to the optionor?"

"3. Where optionor prior to expiration of option returns a portion of the purchase price to the optionee and notifies him that said optionor has already sold the property to other parties will the optionee be excused from further tender of payment under the option agreements?"

"4. Will one purchasing property with notice of vendors contract to convey it to another be compelled to perform the contract?"

"5. Does a court of equity have jurisdiction to enter a judgment for partial specific performance together with reasonable compensation for any deficiency in the subject matter of the contract?"

The contract, specific performance of which is sought, is in the following language:

"We, Ben Haimovitz and wife, Lillian Haimovitz, of Hillsborough County, Florida, for and in consideration of the sum of Ten Dollars and other valuable consideration to us in hand paid by W. A. Dyer of Hillsborough County, Florida, do hereby give to the said W. A. Dyer, his heirs or assigns, the privilege of purchasing the following described real estate, situated in the County of Hillsborough and State of Florida and more particularly described as follows, to-wit: The NE¼ of the NW¼ of the SE¼ of Section 33, Township 28 South, Range 19 East, containing Ten (10) acres, more or less, at and for the price of Twelve Hundred Fifty ($1250.00) Dollars to be paid as follows, to-wit: $50.00 cash, the receipt whereof is hereby acknowledged, and the balance to be paid at the rate of Fifty ($50.00) Dollars on or before January 1st, April 1st, July 1st and October 1st, each year, with interest at the rate of 8% per annum on the unpaid balance each quarter, until the payments made on account of principal shall be equal to one-third of the principal amount agreed to be paid, at which time, if desired, the parties of the first part will execute and deliver to the said W. A. Dyer, his heirs or assigns, a Warranty Deed conveying said property and will take from said W. A. Dyer, his heirs or assigns, a mortgage for the balance then due payable on or before six and twelve months respectively from the 1st day of July, A. D. 1933, or from such date prior to that time as the said one-third of the principal shall have been paid and the deed and mortgage issued.

"In case the privilege of purchase hereby given is exercised and the price above named paid and secured and the securities accepted as provided, we agree to assure and convey said property to the said W. A. Dyer, his heirs or assigns by a good and sufficient Warranty Deed, reciting a consideration of Ten Dollars and other valuable consid-

eration, free and clear of all liens and encumbrances, except taxes, assessments or impositions levied or imposed or maturing subsequent to the year 1931.

"THIS INSTRUMENT shall not be recorded, but is deposited by the said W. A. Dyer with Eichelberger-MaGruder, Real Estate Agents, and in case the privilege to purchase hereby given is not exercised and fully performed by the said W. A. Dyer, his heirs or assigns, on or before the 1st day of July, A. D. 1933, said privilege shall thereupon wholly cease (but no liability to refund money paid therefor shall arise) and the said Eichelberger-MaGruder shall at once surrender this instrument to Ben Haimovitz, his heirs or assigns for cancellation. During the existence of this privilege of purchase, this instrument shall be binding upon the heirs, executors, administrators or assigns of the respective parties hereto, who may exercise the rights herein reserved and receive the surrender above mentioned."

The contract was assigned and delivered to one C. E. Prunty and by Prunty was assigned and delivered to the appellee, M. L. Robb.

Our construction of this contract is that it constituted an option under which the vendor for and in consideration of the sum of $10.00 and other valuable considerations agreed to sell and convey to W. A. Dyer, his heirs and assigns, the property described in the contract for the sum of $1250.00, payable $50.00 cash and the balance to be paid in installments of $50.00 each on January 1st, April 1st, July 1st and October 1st of each year with interest at 8% on the unpaid balance each quarter, until the payments made on account of principal shall be equal to one-third of the principal amount agreed to be paid; and further that under the terms of the contract the vendee had until July 1st, 1933, within which to pay the one-third of the purchase price, and if the vendee, his heirs or assigns, should pay

one-third of the purchase price before July 1st, 1933, then the vendor was obligated to make and execute a good and sufficient conveyance in the form of Warranty Deed conveying the property to Dyer, his heirs or assigns, and Dyer, his heirs or assigns, were obligated to make and execute a mortgage for the balance of the purchase price to be paid in two installments, one on or before six months from July 1st, 1933, and the other on or before 12 months from the 1st day of July, 1933.

It is further our construction of this contract that when Dyer, his heirs or assigns, began to make payments on the purchase price the option to purchase was converted into a contract for sale and conveyance. See Frissell v. Nichols, 94 Fla. 403, 114 Sou. 431; also Lillebeck v. Lincoln Life Ins. Co. of New York, 120 Fla. 289, 162 Sou. 866. Time was not made the essence of the contract. Prior to the expiration of the time in which the contract, as we construe it, required Dyer or his assigns to pay one-third of the purchase price, Robb paid several of the quarterly installments and, while delinquent in the payment of installments, he paid to the vendor's agent $20.00 on an installment some weeks prior to the expiration of the time in which the one-third of the purchase price was required to be paid and the vendor thereupon returned the payment made by Robb to his agent and authorized the agent to notify Robb that he had forfeited the contract and that the vendor had entered into a binding contract to sell the property to other parties. This relieved Robb of the necessity of making any further tender, because he is not required under the law to do a vain and useless thing. This principle is so well established that it is not necessary for us to cite any authorities in support of the same. We do, however, refer to Section 326 of Pomeroy on Specific Performance and the case of Behman v. Max, 102 Fla. 1094, 137 Sou. 120.

On the 24th day of August, 1935, Robb filed his bill of complaint in this cause in which he offered to pay and tender into the registry of the court the balance of the one-third of the purchase price with interest due to July 1, 1933, and proffered and offered to make and execute notes and mortgage to secure the same for the balance of the purchase price in accordance with the terms of the agreement.

The record shows that Robb did nothing which would result in waiver of his rights under the contract but, on the contrary, proceeded at an early date to institute this suit for the purpose of enforcing performance of the contract. The record amply supports the findings of the Chancellor that the pretended sale and conveyance of the property by the vendor to another party was without consideration and that the vendee under that subsequent contract could not claim to be purchasers for value without notice.

Aside from this, the record shows that the subsequent vendee did not take absolute title but only a contract for title. Therefore, this case is ruled by what is said in the case of Myers, *et al.,* v. Van Buskirk, 96 Fla. 704, 119 Sou. 123, as follows:

"In order to claim the full protection of the rule as to *bona fide* purchasers, the purchaser must hold a legal title or be entitled to call for it; for if his title be merely equitable, then it must yield to a superior equity in an adverse party. A purchaser claiming solely through an executory contract of purchase and sale is not a *bona fide* purchaser within the meaning of the rule."

And in which we said further:

"As between persons having equitable interests only, none of them having a legal title, if their equitable interests are in all other respects of equal merit, he has the better equity who is prior in point of time."

See also Harris v. Requa, 105 Fla. 312, 140 Sou. 911.

The final decree in this case awarded partial specific performance and compensation for the residue which the vendor appeared unable to accomplish. It has long been settled in this jurisdiction that such course may be pursued. In Knox v. Spratt, 23 Fla. 64, 6 Sou. 924, it was held:

"The doctrine that in case the vendor is unable to comply with the contract by reason of not having a legal title to all the land sold, yet that the vendee is entitled to a specific performance of the contract for such as lies in the power of the vendor to convey with compensation for the residue, is undoubted."

For the reasons stated, the decree appealed from should be and is affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL and CHAPMAN, J. J., concur.

BROWN, J., dissents.

BROWN, J. (dissenting).—I do not think that the optionee performed his part of the contract in such a way as to convert the option into a contract of sale. My thought is that under the contract, it was incumbent on the part of the optionee to have paid, or duly tendered, the amount due up to July 1, 1933, as required by the contract, in order to preserve his option to purchase.