PER CURIAM.
The trial court erred in revoking defendant’s probation for failure to file monthly reports with his probation officer. This is so because the state failed to demonstrate that, under the circumstances of this case, the defendant’s failure to file two monthly reports on time was a substantial violation of his probation. See Hudson v. State, 425 So.2d 1166 (Fla. 2d DCA 1983); Davidson v. State, 419 So.2d 728 (Fla. 2d DCA 1982); Shaw v. State, 391 So.2d 754 (Fla. 5th DCA 1980); Donneil v. State, 377 So.2d 805 (Fla. 3d DCA 1979). The defendant’s probation officer testified only that had he been in his office when defendant came to file the current and the two previous monthly reports, he did not know if he would have accepted the previous reports as timely filed.
Accordingly, the decision of the trial court revoking defendant’s probation is reversed and the cause is remanded with directions to restore defendant to probationary status.
Reversed and remanded.