533 So.2d 886 (1988)
Steven E. HOSHAW, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-1081.
District Court of Appeal of Florida, Third District.
November 8, 1988.
*887 Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Ivy R. Ginsberg, Asst. Atty. Gen., for appellee.
Before HUBBART, BASKIN and JORGENSON, JJ.
PER CURIAM.
Steven Hoshaw appeals from an order revoking his probation. We reverse the order of revocation as to three of the grounds cited by the trial court and remand for further proceedings as to the fourth ground.
The trial court's first ground for revoking probation was that Hoshaw had changed employment without the consent of his probation officer. However, Hoshaw testified at the revocation hearing that he had been fired from his job. He did not seek the consent of his probation officer before finding another job because, as he said, "I had no choice in the matter of losing the job." The law does not require futile acts. Haimovitz v. Robb, 130 Fla. 844, 178 So. 827 (1937). The trial court erred in revoking Hoshaw's probation on the first ground.
The trial court also erred in revoking Hoshaw's probation for failure to make monthly reports for three months. At the time of the revocation hearing, Hoshaw was current with his reports and his probation officer had accepted them. Once Hoshaw's late reports had been filed and accepted, late filing no longer amounted to a probation violation. See Hilton v. State, 469 So.2d 932 (Fla. 3d DCA 1985) (order of revocation reversed where probation officer did not accept reports which defendant delivered for filing before the revocation hearing).
The trial court further erred when it found that Hoshaw had failed to complete outpatient treatment under the Mentally Disordered Sex Offender Program. This finding was fundamentally flawed because the trial court never ordered Hoshaw to complete an MDSO program as a condition of probation. The sentencing court did not order such treatment and did not initial the condition on the standard probation form. An unmarked condition on a standard probation form is not a condition of probation, Croteau v. State, 334 So.2d 577 (Fla. 1976), and cannot, therefore, support revocation of probation.
The last ground[1] for revoking Hoshaw's probation was that in 1986 he was charged with leaving the scene of an accident which involved personal injury. Hoshaw admits that the charge was properly proven at the revocation hearing and would support a revocation of probation. However, because three of the four charged violations are insufficient to support the order of revocation and because the state nolle prossed the charges against Hoshaw stemming from the accident, we remand this cause to the trial court to determine whether Hoshaw's probation should be revoked on this last ground. See Jess v. State, 384 So.2d 328 (Fla. 3d DCA 1980).
REVERSED AND REMANDED WITH DIRECTIONS.
NOTES
[1] At the revocation hearing, the state abandoned the charge that Hoshaw was $20 in arrears on his supervision payments. The trial court's inclusion in its order of that abandoned charge was clearly erroneous. E.g., Wright v. State, 494 So.2d 522 (Fla. 3d DCA 1986).