604 So.2d 937 (1992)
James C. LEWIS, Jr., as Personal representative of the Estate of James C. Lewis, Deceased, Appellant,
v.
BARNETT BANK OF SOUTH FLORIDA, N.A., Appellee.
No. 92-87.
District Court of Appeal of Florida, Third District.
September 22, 1992.
*938 Thomas F. Martin, South Miami, for appellant.
Rosenberg & Rothman and Sheldon Rosenberg, Miami, for appellee.
Before HUBBART, NESBITT and JORGENSON, JJ.
PER CURIAM.
This is an appeal from a final order dismissing the plaintiff's second amended complaint with prejudice. Because (a) the trial court admittedly based its dismissal on facts outside the four corners of the complaint, and (b) the complainant otherwise pleads viable causes of action, the order under review is reversed and the cause is remanded to the trial court for further proceedings. The law is well settled that a motion to dismiss a complaint is not a motion for summary judgment in which the court may rely on facts adduced in depositions, affidavits, or other proofs. On a motion to dismiss, the trial court is necessarily confined to the well-pled facts alleged in the four corners of the complaint and contrary to the defendant's argument, is not authorized to consider any other facts, including, as here, the sufficiency of the evidence which the plaintiff will likely produce at trial or other claimed facts asserted by defense counsel relating to unpled affirmative defenses, even if argued by counsel for the parties on the motion to dismiss. We have not overlooked the various arguments advanced by the defendant herein, but are not persuaded thereby. Pizzi v. Central Bank & Trust Co., 250 So.2d 895, 897 (Fla. 1971); Parkway Gen. Hosp., Inc. v. Allstate Ins. Co., 393 So.2d 1171, 1172 (Fla. 3d DCA 1981); Kest v. Nathanson, 216 So.2d 233, 235 (Fla. 4th DCA 1968); Corbett v. Eastern Air Lines, Inc., 166 So.2d 196, 203 (Fla. 1st DCA 1964); Carter v. National Auto. Ins. Co., 134 So.2d 864, 865 (Fla. 1st DCA 1961); Stone v. Stone, 97 So.2d 352, 354 (Fla. 3d DCA 1957).
Reversed and remanded.