PER CURIAM.
Patricia Ann McBee, a Georgia resident, purchased a vacation package through Unique Vacations, Inc. (“Unique”), a Florida corporation. The package was to include all travel, transfers, accommodations, and meals for a vacation at the Jamaican resort known as Sandals Ocho Rios, Ltd. which is owned by Sandals Resorts International, Ltd. (collectively, “Sandals”). McBee was injured while being transported from Sandals’ resort to the airport in Jamaica for her return trip to the United States. She and her husband sued Unique d/b/a Sandals Resorts, setting forth causes of action based on negligence and breach of contract. Unique moved to dismiss, asserting that it was not doing business as Sandals and asserting that the complaint failed to state a cause of action because Unique neither owned or controlled Sandals. McBee then amended her complaint to include Sandals. Unique appeared specially and filed answers and defenses; Sandals did not respond, and defaults were entered against Sandals. These defaults were later set aside, and Sandals also appeared specially to file answers and defenses. The trial court then dismissed McBee’s amended complaint as to Unique for failure to state a cause of action, and as to Sandals on the grounds of forum non conveniens. We reverse.
The law is well settled that a motion to dismiss a complaint is not a motion for summary judgment in which the court may rely on facts adduced in depositions, *472 affidavits, or other proofs. On a motion to dismiss, the trial court is necessarily confined to the well-pled facts alleged in the four corners of the complaint and is not authorized to consider any other acts, including, as here, the sufficiency of the evidence which the plaintiff will likely produce at trial. See Lewis v. Barnett Bank, 604 So.2d 937 (Fla. 3d DCA 1992). McBee alleged a duty, a breach of that duty, and resulting damage. Because the trial court based its dismissal on facts outside the four corners of the complaint, and the complainants otherwise pled a viable cause of action, the order under review as to Unique is reversed.
Following this analysis, with Unique a party to the action, the dismissal based on forum non conveniens was improper. One of the parties, Unique, is a Florida corporation domiciled in Dade County. The plaintiffs are entitled to select the forum where jurisdiction over the defendants is found and venue is proper. See Armadora Naval Dominicana, S.A v. Garcia, 478 So.2d 873 (Fla. 3d DCA 1985).
Accordingly, the order under review is reversed and the case remanded.