667 So.2d 493 (1996)
Cynthia JORDAN, A.T. Mattox, Barbara Stevens, Darlene Brown, Lynn Rush, Ron Williams, Damon Johnson, Rosa Lee, Shirley Davis, Antoinette Semper, Donna Larry, Lovella Hall, Leroy Tullis, Lenette Lewis, Eugene Lamb, Elester Taylor, James Cecil, Cassandra O'Neil, Major Brown, Andrea Corinthian, Jeraldine Brown, Jacob McConnell, Eugene Dames, Valencia Miller, Jimmie Williams, Laura Stubbs, Dalio Cardenas, Esperanza Alonzo, Ida Gadson, Mary Toles, Ronald Middleton, Lillie Larry, Carlton Howard, Ernestine Larry, Joan Rutherford, Sandra Thompson, Cecil Clark, Appellants,
v.
George GRILEY, Appellee.
No. 95-1926.
District Court of Appeal of Florida, Third District.
February 7, 1996.
Legal Services of Greater Miami, Inc. and Barbara Goolsby, Miami, for appellants.
Melvyn R. Rubin, Davie, for appellee.
Before SCHWARTZ, C.J., and COPE and LEVY, JJ.
PER CURIAM.
This is an appeal from a final order dismissing appellee George Griley as a party defendant in appellants' lawsuit. Griley's motion to dismiss was based on factual matters which were outside the second amended complaint. As stated in Lewis v. Barnett Bank, 604 So.2d 937 (Fla. 3d DCA 1992):
The law is well settled that a motion to dismiss a complaint is not a motion for summary judgment in which the court may rely on facts adduced in depositions, affidavits, or other proofs. On a motion to dismiss, the trial court is necessarily confined to the well-pled facts alleged in the four corners of the complaint and contrary to the defendant's argument, is not authorized to consider any other facts, including, *494 as here, the sufficiency of the evidence which the plaintiff will likely produce at trial or other claimed facts asserted by defense counsel relating to unpled affirmative defenses, even if argued by counsel for the parties on the motion to dismiss.
Id. at 938. While the order under review must be reversed, this ruling is without prejudice to Griley to file an appropriate motion for summary judgment. We base our ruling entirely on procedural grounds and express no opinion on the merits of the parties' respective positions.
Reversed and remanded.