GOSHORN, Judge.
Nat Weaver, Inc. appeals from the order dismissing its counterclaim for slander of title. We reverse because the well-pled allegations of the counterclaim, which must be accepted as true when considering a motion to dismiss, state a cause of action. See Hol *122 land v. Anheuser Busch, Inc., 643 So.2d 621, 623 (Fla. 2d DCA 1994) (“On a motion to dismiss for failure to state a cause of action, a trial court is restricted to a consideration of the well-pled allegations of the complaint. It must accept those allegations as true and then determine if the complaint states a valid claim for relief.”); see also Lewis v. Barnett Bank of South Florida, N.A., 604 So.2d 937, 938 (Fla. 3d DCA 1992) (“The law is well settled that a motion to dismiss a complaint is not a motion for summary judgment in which the court may rely on facts adduced in depositions, affidavits, or other proofs.”). As this court explained in Cintron v. Osmose Wood Preserving, Inc., 681 So.2d 859, 861 (Fla. 5th DCA 1996), “[Fjactual conflicts cannot be resolved by motions to dismiss because all allegations in the complaint must be accepted as true. Such conflicts are better addressed in summary judgment proceedings.”
REVERSED and REMANDED.
PETERSON, J., concurs.
HARRIS, J., concurs specially, with opinion.