FLETCHER, Judge.
We reverse the final order of the trial court dismissing Dr. Masood Jallali’s complaint because the dismissal was predicated upon an affirmative defense that does not appear on the face of the complaint. E.g., Lewis v. Barnett Bank of So. Fla., N.A., 604 So.2d 937 (Fla. 3d DCA 1992). Contrary to Barry University’s contention, the affirmative defense alleged in its answer to Jallali’s complaint cannot be the basis for its subsequent motion to dismiss. This is a misconstruction of the language of Rule 1.110(d), Florida Rules of Civil Procedure, which states that “[ajffirmative defenses appearing on the face of a prior pleading may be asserted as grounds for a motion [to dismiss].” The “prior pleading” referenced is that of the movant’s opponent, not that of the movant. As we observed in N.E. at West Palm Beach, Inc. v. Horowitz, 471 So.2d 570, 570-71 (Fla. 3d DCA 1985):
“The purpose of a motion to dismiss is to ascertain whether a plaintiff has alleged a good cause of action and the court must confine itself strictly to the four corners of the complaint. It is inappropriate to consider defendants’ affirmative defenses, or the sufficiency of the evidence which the plaintiff is likely to produce.”
The final order of dismissal is reversed and the cause is remanded. Under the circumstances we express no opinion on the sufficiency of the affirmative defense.