954 So.2d 1240 (2007)
Jeffrey CHODOROW and Linda Chodorow, Appellants,
v.
PORTO VITA, LTD., Turnberry Court Corp.; Green Development Associates, Inc.; Bella Vista Mid-Rise South Condominium Association, Inc.; Porto Vita Construction Co.; Robert M. Swedroe Architect-Planners A.I.A., P.A.; and Robert M. Swedroe, Appellees.
No. 3D05-2303.
District Court of Appeal of Florida, Third District.
April 25, 2007.
*1241 Murai, Wald, Biondo, Moreno & Brochin and Gerald Wald, Coral Gables and Allen P. Pegg; Levey, Airan, Shevin, Roen, Kelso, Corona, Herrera, Miami, for appellants.
Becker & Poliakoff and Steven Lesser and Daniel L. Wallach and Neil H. Levinson, Fort Lauderdale; Daniels, Kashtan, Downs, Robertson & Magathan and Madelyn Simon Lozano and Joseph G. Weiss, Coral Gables, for appellees.
Before GREEN, RAMIREZ, and CORTIÑAS, JJ.
RAMIREZ, J.
Jeffrey Chodorow and Linda Chodorow appeal the dismissal of their complaint with prejudice and the final judgment entered against them in their action arising from an underlying claim for construction defects. We reverse, finding that the trial court incorrectly engaged in fact finding and summary adjudication during its review of the motion to dismiss.
The Chodorows are the owners of a penthouse unit. They sued the appellees, including the developer/seller, developers' general partners, builder, condominium association, and the architect and his architectural firm, as a result of the Owners' discovery of interior water leaks, which caused damage to the unit and its contents.
The original complaint contained eight counts. Four amended complaints followed, all of which were the subject of multiple defense challenges. The defense challenged the timeliness of the Owners' claims in the form of multiple motions to dismiss, arguing that the claims were time-barred because the Owners filed their action more than four years after the discovery of the initial water intrusion. The trial court entered numerous dismissal orders in which it directed the Owners to revise their pleadings. This led to the filing of a fifth amended complaint, including forty-five counts that involved segregated defect references based upon different theories and defendants.
The Owners alleged that, throughout their ownership of the unit, they experienced multiple incursions of water. They claim that these incursions occurred at different times, in different places, and for completely different and unrelated reasons, each of which manifested itself differently from the others. The cause of each was latent and hidden. They also alleged that they first noticed a water incursion a month after they moved into the unit, and that the remaining leaks surfaced thereafter.
The trial court dismissed with prejudice the Owners' claim against all of the parties *1242 as to defect one, concluding that the Owners' suit was untimely and that the Owners knew or should have known that they had a cause of action for that defect upon its discovery.[1] The trial court subsequently dismissed the claims against all of the parties as to defects two through six, except the claims filed against the architect and the association, which remain pending.
We agree with the Owners' argument that the trial court failed to confine itself to the facts alleged in the four corners of the complaint as the trial court is required to do on the review of a motion to dismiss. The trial court exceeded the restrictive scope of review of a motion to dismiss when it dismissed the complaint with prejudice.
A motion to dismiss is designed to test the legal sufficiency of a complaint and not to determine any factual issues. The Fla. Bar v. Greene, 926 So.2d 1195, 1199 (Fla.2006). Unlike a motion for summary judgment, the trial court may not rely on facts adduced in depositions, affidavits, or other proofs. Jordan v. Griley, 667 So.2d 493 (Fla. 3d DCA 1996). All allegations of the complaint must be taken as true and all reasonable inferences drawn therefrom must be construed in favor the non-moving party. Greene, 926 So.2d at 1199; Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc., 842 So.2d 204, 206 (Fla. 3d DCA 2003).
The trial court here considered factual material beyond the facts alleged in the four corners of the complaint. Whether or not the Owners knew or should have known that they had a cause of action for the first defect upon its initial discovery is a fact that did not affirmatively appear on the face of the complaint. It is thus a question of fact that should be raised by affirmative defense and decided by a jury. Whether or not there was an act or omission that served to toll the statute of limitations period is yet another fact that did not affirmatively appear on the face of the complaint. This fact determination is likewise one that should be determined by the trier of fact.
Additionally, if the analysis of a claim is factually intensive, it is better addressed on a summary judgment motion, or at trial, but certainly not on a motion to dismiss. Susan Fixel, 842 So.2d at 208. This case is indeed factually intensive. It calls for an in-depth analysis of the limitations defense, and this inquiry and fact-finding process cannot be accomplished on a motion to dismiss. We therefore reverse the orders under review, and remand this cause to the trial court for further proceedings consistent with this opinion.
Reversed and remanded.
NOTES
[1] The Owners initially appealed the trial court's dismissal with prejudice of the claim as to defect one and this Court dismissed the appeal without prejudice. See Chodorow v. Porto Vita, Ltd., 883 So.2d 807 (Fla. 3d DCA 2004).