PER CURIAM.
 

 Halsey Minor and Save Hialeah Racing, Inc. appeal the trial court’s order in which the court dismissed the cause with prejudice and entered a final judgment of dismissal. We reverse because the trial court failed to confine itself to the four corners of the complaint when it dismissed the cause, as the court is required to do on the review of a motion to dismiss.
 

 
 *179
 
 Minor and Save Hialeah Racing commenced the underlying declaratory judgment action seeking clarification of Hialeah Park Racetrack’s ownership. They alleged, among other things, that appellee City of Hialeah failed to hold a voter referendum prior to deeding the Racetrack property to appellee Hialeah, Inc. in 2004. Accordingly, Minor and Save Hialeah Racing allege that the conveyance is void. In response, the appellees filed a motion to dismiss, a verified motion to strike as a sham pleading, and a motion for summary judgment. Following a hearing on July 21, 2009, the trial court entered an order granting appellees’ motion to dismiss with prejudice and held that appellees’ remaining two motions were moot.
 

 In support of its order granting the motion to dismiss, the trial court found that
 
 Hialeah, Inc. v. Dade County,
 
 490 So.2d 998 (Fla. 3d DCA 1986), was controlling precedent. Minor and Save Hialeah Racing contend that this argument required the trial court to look beyond the four corners of the complaint. We agree.
 

 “A motion to dismiss is designed to test the legal sufficiency of the complaint, not to determine factual issues.”
 
 See The Fla. Bar v. Greene,
 
 926 So.2d 1195, 1199 (Fla.2006).
 
 See also Chodorow v. Porto Vita, Ltd.,
 
 954 So.2d 1240, 1242 (Fla. 3d DCA 2007). The trial court may not rely on facts offered in depositions, affidavits, or other proofs.
 
 See Jordan v. Griley,
 
 667 So.2d 493 (Fla. 3d DCA 1996);
 
 Lewis v. Barnett Bank of S. Fla. N.A.,
 
 604 So.2d 937 (Fla. 3d DCA 1992). Rather, the trial court is confined to the facts alleged within the four corners of the complaint.
 
 See Chodorow,
 
 954 So.2d at 1242. All such allegations must be taken as true and any reasonable inferences drawn from the complaint must be construed in favor of the non-moving party.
 
 Id.
 

 Here, the trial court considered factual material beyond the facts alleged within the four corners of the complaint. The complaint does not set forth allegations regarding whether appellee City of Hialeah is the equitable or legal title holder of the Racetrack, as the holding in
 
 Hialeah, Inc.
 
 may or may not have decided.
 
 See generally Hialeah, Inc.,
 
 490 So.2d at 998. Rather, the complaint contains an allegation that the 2004 transaction occurred in the absence of a voter referendum and is therefore void. Additionally, this issue would be better addressed on a summary judgment motion or at trial, not on a motion to dismiss. We therefore reverse the order granting the motion to dismiss with prejudice, and remand this cause to the trial court for further proceedings consistent with this opinion.
 

 Reversed and remanded.