PER CURIAM.
Appellants, Someplace New, Inc., Donald Edward Young, Jr., and Carolyn Jane Young, challenge the dismissal of their second amended complaint, with prejudice, for failure to state a cause of action. The complaint alleged two counts. As to count I, alleging fraudulent misrepresentation, we reverse. As to count II, a claim alleging constructive fraud based on breach of fiduciary duty, we affirm without discussion.
This appeal stems from a contract entered into by appellants and appellees, Christiane Francois (“Francois”) and Prime Plaza Boynton Beach, LLC. The second amended complaint alleged that appellants and Francois entered into a lease and licensee agreement, whereby appellants agreed to assume operating expenses of a turnkey restaurant operation. Count I of the complaint alleged fraud against Francois and that Francois “intentionally falsely” made representations regarding the restaurant, with the purpose of inducing appellants into assuming its operation. The complaint then outlined four specific misrepresentations made by Francois regarding the restaurant payroll, profitability and employees. The complaint further alleged that appellants relied on Francois’ misrepresentations in entering into the agreement, and spent over $20,000.00 towards their obligation under the contract. Attached to the complaint was the lease agreement referenced therein. Appellees immediately filed a motion to dismiss the complaint, contending that fraud had not been specifically alleged and that the attached lease agreement contradicted the complaint because it did not mention the licensee arrangement. The trial court granted the motion to dismiss and this appeal followed.
A trial court’s decision to dismiss a complaint for failure to state a cause of action is reviewed de novo. See Francis v. Sch. Bd. of Palm Beach Cnty., 29 So.3d 441, 442 (Fla. 4th DCA), review denied, 42 So.3d 799 (Fla.2010). Our review is limited to the four corners of the complaint, and all allegations must be accepted as true. See Fresh Capital Fin. Servs., Inc. v. Bridgeport Capital Servs., Inc., 891 So.2d 1142, 1144 (Fla. 4th DCA 2005). Allegations of fraud must be stated with *1217 such particularity as permitted by the circumstances. See Fla. R. Civ. P. 1.120(b). This includes “who made the false statement, the substance of the false statement, the time frame in which it was made and the context in which the statement was made.” Bankers Mut. Capital Corp. v. U.S. Fid. & Guar. Co., 784 So.2d 485, 490 (Fla. 4th DCA 2001).
Count I properly alleged the requirements of fraud with specificity. The complaint outlined the specific misrepresentations that Francois “intentionally falsely” made. Further, the complaint properly alleged that the statements were made for the purpose of inducing appellants to enter into the lease and licensee agreement. The attached lease agreement, by its omission of mention of the licensee agreement, did not contradict the allegations of the complaint. See Hunt Ridge at Tall Pines, Inc. v. Hall, 766 So.2d 399, 401 (Fla. 2d DCA 2000) (where an exhibit attached to the complaint contradicts allegations within the complaint, the plain language of the exhibit controls). Accepting the complaint’s allegations as true, the parties entered into a licensee arrangement concerning a restaurant located on the property identified by the lease. Determining the precise nature of that agreement is a question of fact better addressed on a motion for summary judgment, rather than on a motion to dismiss. See Chodorow v. Porto Vita, Ltd., 954 So.2d 1240, 1242 (Fla. 3d DCA 2007). As such, the dismissal of count I of appellants’ second amended complaint is reversed.

Affirmed in part, reversed in part, and remanded.

STEVENSON, HAZOURI and DAMOORGIAN, JJ., concur.