WARNER, J.
Appellant, Scherry Jenkins, appeals and appellee, Plaza 3000, Inc, cross-appeals a final judgment entered for Plaza. Plaza sought a judgment and to foreclose a lien for unpaid maintenance assessments. Appellant had counterclaimed against Plaza alleging multiple causes of action, which counterclaim was dismissed by the trial court for failure to state a cause of action. Attorney’s fees were also assessed against Jenkins based on the counterclaim. After a non-jury trial, the court denied foreclosure but awarded breach of contract damages to Plaza.
Appellant claims that the court erred in dismissing her counterclaim and awarding attorney’s fees, as well as in granting judgment in favor of Plaza because it failed to prove the amount due and owing. She also challenges the inclusion of future assessments for attorney’s fees and interest thereon, which were added by the trial court without any evidence to support them. We reverse the judgment and conclude that appellant did state a cause of action in her counterclaim for slander of title. As to the final judgment, we agree that Plaza failed to prove the amount, that appellant owed in assessments, with competent, substantial evidence. As to the future assessments, we agree that the court erred in awarding them without a hearing as to their amount and despite its oral pronouncement to the contrary.
*1129 Plaza is a non-profit corporation whose shareholders own lots in a commercial shopping plaza. It owns and maintains the plaza’s common areas and has the power— under its articles of incorporation, bylaws, and recorded dedications and restrictive covenants — to assess lot owners for a pro rata share of maintenance costs and collect interest on unpaid assessments. The rate of interest is not specified in the documents.
Jenkins holds title to three lots in the plaza, which are managed by her husband who took care of the assessments to the association. He has been habitually late in paying the assessments, having paid on time only twice in fifteen years. Plaza generally accepted his late payments and applied them towards his most delinquent assessment.
There was always a balance due, and the amount of the balance was frequently in dispute. Several times, Mr. Jenkins presented Plaza with checks which he had previously submitted and Plaza had accepted but not credited to his account. Mr. Jenkins also presented Plaza with a check marked “paid in full,” which Plaza cashed with this language scratched out.
On July 21, 2008, Plaza informed Mr. Jenkins that he owed $22,122 in principal and $4,334 in interest, for a total of $26,456. The letter demanded payment within ninety days or suit would be filed to foreclose the maintenance lien. A few months later, Mr. Jenkins sent Plaza a check for $4,651 marked “paid in full to date” and “paid under protest.” Plaza returned the check “as said check was tendered as payment in full” but was not for $26,456.
Plaza recorded a claim of lien against appellant’s property for $26,456 together with interest at the rate of 11% thereafter, reasonable attorney’s fees and costs of collection, and future unpaid assessments. Several months after the claim of lien was recorded, Mr. Jenkins sent Plaza a check for $10,000 with a letter claiming payment in full, less potential attorney’s fees owed. Plaza returned the check, because it was not for the full amount Plaza believed was due.
Plaza then filed a two-count complaint against appellant for breach of contract and to foreclose the claim of lien. Appellant answered, raising fifteen affirmative defenses. Most of these defenses were based on allegations that Plaza had wrongfully refused tendered checks, had not maintained proper accounting records, and had incorrectly charged interest. Appellant also filed a counterclaim, which was dismissed and amended four times, alleging eleven causes of action. Like the affirmative defenses, these claims were mainly based on Plaza’s alleged failure to maintain proper accounting records and Plaza’s filing of the claim of lien, which appellant alleged was inaccurate. After the fifth amendment, Plaza again moved to dismiss and asked for sanctions under section 57.105, Florida Statutes. The court granted the motion, dismissed the counterclaim, and awarded attorney’s fees of $2,500 under section 57.105, Florida Statutes. Appellant paid these fees.
The court held a lengthy bench trial. Plaza’s accountant presented testimony as to the assessments owed on the property. He had prepared one chart of amounts due, with payments credited and interest accrued, which had been attached to the original 2008 demand letter. He also prepared and presented a second chart for trial, updating the information through the end of May 2012. The second chart also attempted to correct errors in the first chart by crediting appellant with payments that the accountant admitted Plaza had credited late, as well as interest Plaza had charged on those payments. As a result of those errors, the accountant admitted that *1130 Mr. Jenkins had been given inaccurate information regarding the amount of assessments owed as well as the interest accrued.
The testimony was confusing as to what payments had been received and credited, as well as how much interest should have been assessed. Importantly, it was not established what percentage interest Plaza actually charged on the late payments. The accountant testified that Plaza had used two different rates, raising the original 8% rate to 11% at some point, although the accountant did not know when the interest rate changed. The trial court took judicial notice of the statutory interest rate, which fluctuated during the relevant time frame.
Despite Plaza belatedly crediting appellant with payments in the accountant’s second chart, there were further disputes over other payments Mr. Jenkins made— some as long ago as the 1990s — which were not resolved. On cross-examination of the accountant, appellant’s counsel attempted to establish that interest was improperly charged on these payments and included in the claim of lien. The accountant did not appear to have any personal knowledge of when these payments were made by Mr. Jenkins or received by Plaza, but he agreed to counsel’s statements as to these facts. Counsel argued that, as of August 3, 2004, Mr. Jenkins would have properly paid all of the assessments, if it were not for the wrongly included interest on payments that were counted late.
After hearing the evidence and the parties’ closing statements, the court orally pronounced judgment, finding that “This case is a mess. The accounting was a mess.” Although doubtful that Plaza had proved the actual amount owed, the court determined that it would enter judgment for $10,037 for assessments accrued as of the claim of lien, relying on calculations made by appellant’s counsel. The court declared it would not include interest on assessments accrued after the claim of lien, because Plaza had rejected proffered payments and also because the interest rate was in dispute. The court further ordered that appellant was not responsible for “portions of the special assessments that the attorney’s fees include herein” because “I don’t think he should pay to sue himself, and certainly there’s interest there.” The court also declined to foreclose the lien, finding “it would be completely and totally inequitable,” and determined “each side will bear their own attorney’s fees and costs.”
In the written final judgment, the court found that it “is unable to determine the exact amount [owed to Plaza], due to the lack of expert testimony or any reliable accounting testimony as to the actual amount due and owing.... Plaintiffs [sic] have not met their burden in demonstrating the actual amount due and owing, but the figure of $10,037, which was presented by [appellant’s] counsel through cross-examination, is the closer amount.” It denied foreclosure of the lien but entered a judgment in the amount of $47,112, which it determined was the $10,037 of past assessments plus assessments through September 2012. That figure appears to include special assessments for attorney’s fees plus interest thereon, despite the court’s oral pronouncement that it would not include those amounts. The court did not receive any evidence on those amounts but was supplied the figure by Plaza. From this final judgment, both parties appeal.
The trial court improperly dismissed Jenkins’ counterclaim for slander of title and improperly awarded attorney’s fees
Appellant complains that the court erred in dismissing her counterclaim in its entirety. The dismissal of a complaint for failure to state a cause of action is re *1131 viewed de novo. Someplace New, Inc. v. Francois, 51 So.3d 1215, 1216 (Fla. 4th DCA 2011).
The court dismissed the counterclaims on the grounds that they failed to state a claim and “even if true constitute mere defenses to the Plaintiffs complaint.” Plaza argues this was proper under Florida Rule of Civil Procedure 1.110, which provides: “When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court, on terms if justice so requires, shall treat the pleading as if there had been a proper designation.” Fla. R. Civ. P. 1.110(d). This rule does not necessarily provide a basis for dismissing a counterclaim merely because it is based on the same facts as an affirmative defense. See Haven Fed. Sav. & Loan Ass’n v. Kirian, 579 So.2d 730, 733 (Fla.1991) (finding trial court erred when it struck affirmative defenses “because the grounds supporting the defenses were identical to that of the counterclaims” and reversing summary judgment because the affirmative defenses were unrebutted); see also Evans v. Parker, 440 So.2d 640, 641 (Fla. 1st DCA 1983) (noting “matters alleged in the counterclaim constitute a valid defense to [the] complaint, as well as a valid affirmative action for damages”).
The trial court also held that appellant had not properly alleged any damages. As to the count for slander of title, which we do find states a cause of action, Jenkins alleged the cloud on the title resulted in the following special damages: the inability to obtain a conventional loan on the property, thus incurring increased loan costs and a higher interest rate; the loss of a contract to sell the property; the inability to lease the property; and damage to her creditworthiness. The complaint alleged sufficient special damages to proceed. See Cont’l Dev. Corp. of Fla. v. Duval Title & Abstract Co., 356 So.2d 925, 928 (Fla. 2d DCA 1978) (finding plaintiff in slander of title action had properly pled special damages where it “alleged that it lost sales, sustained damage to its credit reputation, and incurred attorney’s fees”); see also Bothmann v. Harrington, 458 So.2d 1163, 1170 (Fla. 3d DCA 1984) (in a slander of title action, “the pecuniary loss recoverable for the injurious falsehood is restricted to that which results directly and immediately from the falsehood’s effect on the conduct of third persons and the expenses incurred to counteract the publication”) (emphasis omitted). In addition, the costs to remove the cloud on the title are considered special damages. See Bloom v. Weiser, 348 So.2d 651, 653 (Fla. 3d DCA 1977); Glusman v. Lieberman, 285 So.2d 29, 31-32 (Fla. 4th DCA 1973).
The trial court correctly dismissed the remaining ten counts of the counterclaim for failure to state a cause of action. We have reviewed them, and without any argument in appellant’s brief as to why each does properly plead a cause of action, we affirm the dismissal of these counts.
As to the attorney’s fees which the trial court assessed pursuant to section 57.105(1), Florida Statutes (2012), for filing the counterclaims, the court entered the order without making a finding that the action was frivolous or so devoid of merit on the facts and law as to be completely untenable. See Chue v. Lehman, 21 So.3d 890, 891-92 (Fla. 4th DCA 2009) (requiring the trial court to make a finding that the action was frivolous or devoid of merit to award such fees). Furthermore, at least as to the slander of title cause of action, we have found that it did state a cause of action. We thus reverse the assessment of attorney’s fees.
The trial court’s damage award is not supported by competent, substantial evidence
With respect to the final judgment, appellant argues that Plaza had not proved *1132 its damages of $10,037 by competent, substantial evidence. A trial court’s findings of fact are reviewed for competent, substantial evidence. Sun Harbor Homeowners’ Ass’n, Inc. v. Bonura, 95 So.3d 262, 268 (Fla. 4th DCA 2012).
In its final judgment, the trial court found that Plaza had “not met [its] burden in demonstrating the actual amount due and owing, but the figure of $10,037, which was presented by [appellant’s] counsel through cross-examination, is the closer amount.” (emphasis supplied). While appellant’s counsel did show that the lien amount should be reduced — both for payments Mr. Jenkins made that Plaza credited late, and for interest Plaza improperly assessed on those payments— counsel also correctly argued that the interest rate on all of the unpaid assessments was improperly charged in excess of the statutory rate. In the absence of an agreement, the statutory interest rate must be used to calculate prejudgment interest. See § 687.01, Fla. Stat. (2012); Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212, 215 (Fla.1985) (legislature establishes statutory interest rate which controls prejudgment interest).
In arguing that the claim of lien should be reduced to $10,037,[1] counsel assumed that Plaza had charged 12% interest, although she also argued that only the statutory interest rate should have been used, thus preserving the argument on appeal that even the $10,037 figure was wrong. It appears as though most, if not all, of this figure is interest charged. Therefore, the rate of interest was extremely important to the sufficiency of the evidence to prove damages. As to interest, the trial court found, “The rate of interest in this cause is in doubt and in dispute. The evidence indicates it was either 11% or 12% at some point in time.” Plaza’s accountant also testified, however, that at some point Plaza charged Jenkins 8% interest. It is unclear which interest rate was charged on which payment, and none of the interest rates used appear to be based upon section 55.03, Florida Statutes (2012). See § 687.01, Fla. Stat. (2012) (where an interest rate is not otherwise provided, the rate in section 55.03, Florida Statutes, should be used). Therefore, because of the improper calculation of interest, the $10,037 judgment is not supported by competent, substantial evidence. Evidence of the amount of damages cannot be based on speculation and conjecture. See George Hunt, Inc. v. Dorsey Young Constr., Inc., 385 So.2d 732, 733 (Fla. 4th DCA 1980).
Although normally the assessment of prejudgment interest is a ministerial duty of the trial court, in this case the court did not and, based on the evidence, could not determine the actual dates upon which Jenkins’ payments were credited, properly or improperly. Therefore, because of the sloppy bookkeeping, reversing to simply recalculate the interest is not appropriate in this case. We thus reverse and remand for the trial court to delete the $10,037 from the final judgment.[2]
As to the assessments coming due after the claim of lien but prior to the final judgment, we reverse for the deletion of any portion of the assessments representing attorney’s fees and interest thereon, *1133 resulting from this litigation. In addition, the amount appears to include interest on the assessments, which the trial court orally pronounced that it did not intend to include because of the tender of payments which were refused.
Based on its oral pronouncements, the trial court intended to delete those from the award, but did not do so in its final judgment. Because the evidence at trial did not establish the amount due once the attorney’s fees and interest had been deleted, and the parties disagreed as to this amount, the court erred in failing to hold a hearing on this issue. We therefore remand for the court to properly determine the amount of future assessments, minus attorney’s fees and interest. ■
We have considered the remaining issues raised, as well as those on cross-appeal, and affirm on all other issues.
For the foregoing reasons, we reverse the final judgment and remand for further proceedings consistent with this opinion.
MAY and FORST, JJ., concur.

. In a motion for a directed verdict, appellant’s counsel argued that, at best, $10,037 was owed as of the recording of the claim of lien, and that this amount should be further reduced by the $10,000 payment Mr. Jenkins made, and Plaza refused, after the claim of lien was filed.

. We would note that it appears that the amounts paid by Mr. Jenkins would have covered the actual assessments. What Plaza loses is interest on past due assessments.