# Third District Court of Appeal

## State of Florida

Opinion filed February 16, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D20-1539, 3D20-1661, and 3D20-1662
Lower Tribunal No. 19-29261
_____

**Town of Miami Lakes, etc.,**
Appellant,

vs.

**Miami-Dade County, etc., et al.,**
Appellees.

Appeals from the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

Weiss Serota Helfman Cole & Bierman, P.L., and Edward G. Guedes; Gastesi Lopez & Mestre, PLLC, and Lorenzo Cobiella, Raul Gastesi, Jr., and Raul Lopez, for appellant.

Geraldine Bonzon-Keenan, Miami-Dade County Attorney, and Annery Pulgar Alfonso, Bruce Libhaber, and Dale P. Clarke, Assistant County Attorneys; Bowman and Brooke, LLP, and Elizabeth M. Hernandez, Stephanie Simm, and Lorena Bravo; Holland & Knight, LLP, and Christopher Bellows and Lee P. Teichner; Diego-Paolo De Pani, for appellees.

Before FERNANDEZ, C.J., and EMAS and BOKOR, JJ.

PER CURIAM.

In these consolidated appeals, the Town of Miami Lakes appeals from three related orders dismissing with prejudice its three-count, second amended complaint against Miami-Dade County, City of Hialeah, Lennar Homes, LLC, and Downrite Engineering & Development Corporation, defendants below. We affirm in part and reverse in part.

The relevant factual allegations contained in the operative complaint[1] include the following:

In 2003, Miami-Dade County and the Town of Miami Lakes entered into a written document entitled "Road Transfer Agreement," by which Miami-Dade County transferred and conveyed, to the Town of Miami Lakes, ownership and control of certain "Road Segments" which were part of the County's road system. Included in the transfer of these Road Segments was a portion of Northwest 170th Street located within the municipal boundaries of the Town of Miami Lakes.

The Agreement provided that the "County and Town have determined that it is in the best interest of the parties that responsibility for the operation, maintenance, planning, design and construction of the Road Segments and of any future improvements thereto be transferred to the Town." The

---

[1]When reviewing a final order dismissing a complaint, the appellate court is required to accept as true all well-pled allegations of the operative complaint. See GVK Int'l Bus. Grp., Inc. v. Levkovitz, 307 So. 3d 144, 146 (Fla. 3d DCA 2020).

Agreement further provided that the Town of Miami Lakes "agrees to accept legal rights, responsibilities, and obligations with respect to the Road Segments, including but not limited to the planning, design, construction, improvement, and maintenance of the Road Segments."

In 2017, the Miami-Dade County Board of County Commissioners passed a resolution for the opening of an existing east-west bridge over I-75 at Northwest 170th Street. To connect this bridge to 170th Street, Lennar entered into an agreement with the City of Hialeah by which Lennar would engage in the construction of a roadway on the bridge traversing I-75 at Northwest 170th Street, connecting the roadway on the west side of the expressway to the Town's Road Segment of Northwest 170th Street on the east side.

In 2019, construction and improvement of the bridge was underway. Downrite Engineering, acting at the request of Lennar (pursuant to Lennar's development agreement with the City of Hialeah), under a permit issued by the County and the Florida Department of Transportation (FDOT), but without any permit from the Town of Miami Lakes, excavated and defaced a segment of NW 170th Street belonging to the Town. The Town of Miami Lakes filed suit, seeking injunctive relief for an alleged breach of the Road Transfer Agreement, as well as damages for trespass.

3

Each defendant filed a motion to dismiss one or more counts of the operative complaint, and the trial court entered separate orders dismissing all counts of the complaint against all defendants, with prejudice.

We do not reach the merits of the complaint, nor offer any opinion on whether the Town of Miami Lakes can ultimately prevail on its allegations. However, given the well-pleaded allegations of the operative complaint, and the procedural posture and relative infancy of the lawsuit, we hold that the trial court erroneously dismissed the complaint at this stage, and reverse and remand for further proceedings. As this court aptly noted in Williams Island Ventures, LLC v. de la Mora, 246 So. 3d 471, 475 (Fla. 3d DCA 2018):

> We review orders granting a motion to dismiss under a *de novo* standard of review. Grove Isle Ass'n, Inc. v. Grove Isle Assocs., LLLP, 137 So. 3d 1081, 1089 (Fla. 3d DCA 2014). "A motion to dismiss is designed to test the legal sufficiency of the complaint, not to determine factual issues...." The Fla. Bar v. Greene, 926 So. 2d 1195, 1199 (Fla. 2006). When ruling on a motion to dismiss, a trial court must accept all factual allegations as true. Minor v. Brunetti, 43 So. 3d 178, 179 (Fla. 3d DCA 2010). The trial court must construe all reasonable inferences in favor of the pleader. Id.

We do affirm that portion of the trial court's order which found that the Town of Miami Lakes failed to join an indispensable party (FDOT) but

nevertheless erred in dismissing the complaint with prejudice for said failure.[2]

Affirmed in part, reversed in part and remanded for further proceedings.

---

[2] We disagree with defendants' contention that dismissal with prejudice was proper because Miami Lakes "refused" to amend the complaint to join FDOT as a party. While it is true the Town of Miami Lakes maintained below (and here on appeal) that FDOT was not an indispensable party, it did not refuse to join FDOT in the face of the trial court's dismissal order. Rather, the Town of Miami Lakes contended—correctly—that amending the complaint to join FDOT would be a futile act, given the trial court's dismissal of the entire complaint, with prejudice, on an entirely independent basis. See Haimovitz v. Robb, 178 So. 827, 830 (Fla. 1937) (noting the well-established principle that one is "not required under the law to do a vain and useless thing."); Hoshaw v. State, 533 So. 2d 886, 887 (Fla. 3d DCA 1988) (observing: "The law does not require futile acts.")