# Third District Court of Appeal

## State of Florida

Opinion filed December 20, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0240
Lower Tribunal No. 22-34088 CC
_____

**Advance Mold Services, Inc., etc.,**
Appellant,

vs.

**Universal North America Insurance Company,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Ayana Harris, Judge.

Leader, Leader & Zucker, PLLC, and Michael D. Leader and Scott R. Zucker (Ft. Lauderdale); and Neil Rose (Hollywood), for appellant.

Galloway, Johnson, Tompkins, Burr & Smith, PLC, and David T. Burr (Tampa), for appellee.

Before LINDSEY, GORDO, and LOBREE, JJ.

PER CURIAM.

Appellant Advance Mold Services, Inc. d/b/a Ocean Coast Restoration, as assignee of Glenn Franklyn, appeals from a final order dismissing its breach of contract action against Appellee Universal North America Insurance Company. The trial court dismissed pursuant to § 627.7152(2)(b), Florida Statutes (2023), which prohibits assignment agreements from containing certain fees, including an administrative fee. Advance Mold argues that dismissal with prejudice was improper because the trial court never determined the nature of the fee in question. We agree and therefore reverse the dismissal and remand for further proceedings.

In April 2020, Advance Mold entered into an Assignment Agreement with Franklyn, who was insured by Universal. According to the allegations in the Complaint, Advance Mold provided mold remediation services, and Universal failed to pay. Advance Mold sued Universal for breach of contract.

Universal moved to dismiss arguing that Advance Mold's Assignment Agreement was invalid pursuant to § 627.7152(2)(b), which provides that "[a]n assignment agreement may not contain . . . . [a]n administrative fee." According to Universal, Advance Mold was in violation of the statute because

2

its estimate of services contained the following line item: "Hazardous Waste/Mold Cleaning-Supervisory/Admin-per hour."[1]

At the hearing on the motion to dismiss, Advance Mold argued that the fee was for a supervisor at the jobsite and not a clerical fee associated with administering the Assignment Agreement. The trial judge asked counsel for Universal if she had to determine that the fee in question was in fact an administrative fee. Counsel for Universal answered that the fact that the line item in the estimate contained the word "admin" was enough on its face to dismiss with prejudice. The court ultimately entered an order dismissing Advance Mold's action with prejudice.

On appeal, Advance Mold argues that the nature of the fee in question involves a factual dispute and therefore could not be resolved at the motion to dismiss phase. We agree. "A motion to dismiss is designed to test the legal sufficiency of a complaint and not to determine any factual issues." Chodorow v. Porto Vita, Ltd., 954 So. 2d 1240, 1242 (Fla. 3d DCA 2007) (citing The Fla. Bar v. Greene, 926 So. 2d 1195, 1199 (Fla. 2006)). We therefore reverse the dismissal and remand for the trial court to consider

---

[1] Section 627.7152(2)(a)(5) requires assignment agreements to "[c]ontain a written, itemized, per-unit cost estimate of the services to be performed by the assignee."

whether the fee is in fact an administrative fee prohibited by § 627.7152(2)(b).

Reversed and remanded.

4