363 So.2d 1138 (1978)
Donald J. SMITH, Appellant,
v.
Jerry R. HUSSEY and Walter R. Talley, Appellee.
No. 78-62.
District Court of Appeal of Florida, Second District.
November 1, 1978.
John W. Hamilton of Ware & Hamilton, St. Petersburg, for appellant.
Robert C. Miller, Bradenton, for appellee Hussey.
Donald V. Bulleit and James C. Hadaway of Fowler, White, Gillen, Boggs, Villareal & Banker, St. Petersburg, for appellee Talley.
PER CURIAM.
This is an appeal from entry of a summary judgment in favor of appellee/defendant Hussey, an attorney charged with malpractice in the representation of his former client, appellant/plaintiff Smith. Hussey pled the statute of limitations as an affirmative defense. In his motion for summary judgment Hussey alleged that Smith's complaint had not been filed within the applicable statute-of-limitations period. The trial court granted Hussey a summary judgment on this basis, specifically finding that Smith became aware of Hussey's alleged negligence on September 22, 1972, and that the two-year limitation period of § 95.11(4)(a), Fla. Stat. (1975) barred his suit filed on September 14, 1976. We reverse.
In Smith's affidavit in opposition to the motion for summary judgment he stated that he became aware on September 22, 1972, that his property rights were in jeopardy because of Hussey's alleged negligence. However, Hussey continued to represent his former client and, according to Smith's affidavit, continued to assure him that the matter would be satisfactorily resolved. Accordingly, there was a factual question as to when Smith knew or should have known that Hussey's handling of the case constituted malpractice, and thus there was a factual issue as to when the statute of limitations commenced running. As a result, the trial court should not have determined the matter on summary judgment, but rather, should have left the question to the trier of fact. Edwards v. Ford, 279 So.2d 851 (Fla. 1973); Pinkerton v. West, 353 So.2d 102 (Fla. 4th DCA 1977); Schetter v. Jordan, 294 So.2d 130 (Fla. 4th DCA 1974).
In view of what we have said, we remand this case for further proceedings.
HOBSON, Acting C.J., and SCHEB and OTT, JJ., concur.