PER CURIAM.
The plaintiffs filed a legal malpractice suit against the defendants on February 22, 1978. The defendants raised as an affirmative defense that the action was barred by the applicable statute of limitations, section 95.11(4)(a), Florida Statutes (1977). This section provides that a suit for legal malpractice shall be commenced within two years “from the time the cause of action is discovered or should have been discovered with the exercise of due diligence.” At the conclusion of the plaintiffs’ case at trial, the court granted the defendants’ motion for a directed verdict on the *762 ground that the evidence presented during the plaintiffs’ case proved the defendants’ statute of limitations defense as a matter of law. The plaintiffs appeal the final judgment rendered pursuant to the directed verdict.
Evaluating the evidence on the statute of limitations issue in a light most favorable to the plaintiffs, and indulging every reasonable inference adduced therefrom in their favor, it cannot be held that the evidence presented during the plaintiffs’ case proved as a matter of law that they discovered or should have discovered their cause of action with the exercise of due diligence before February 22, 1976. See Smith v. Hussey, 363 So.2d 1138 (Fla. 2d DCA 1978). See also Swagel v. Goldman, 393 So.2d 65 (Fla. 3d DCA 1981).
Accordingly, we REVERSE the final judgment and REMAND for a new trial.
HOBSON, A.C.J., and BOARDMAN and DANAHY, JJ., concur.