PER CURIAM.
Assuming without deciding that the tax district hospital herein comes within the ambit of Section 768.28, Florida Statutes (1983), see North Broward Hospital District v. Eldred, 466 So.2d 1210 (Fla. 4th DCA 1985), review granted, No. 67,022 (Fla.1985), we conclude that the trial court erred in dismissing with prejudice the medical malpractice complaint filed below against the said hospital based on the asserted failure to allege that proper notice of the claim was given pursuant to Section 768.28(6), Florida Statutes (1983). In our view, the plaintiffs’ complaint properly alleges such notice as follows:
“Notice has been given to THE LOWER FLORIDA KEYS HOSPITAL DISTRICT and The Department of Insurance of the State of Florida pursuant to Florida Statute § 768.28(6), without conceding that THE LOWER FLORIDA KEYS HOSPITAL DISTRICT is entitled to any type of sovereign immunity or that it is entitled to the damage limitations of § 768.28.”
We reach this result based on the authority of Fla.R.Civ.P. 1.120(c) which states that “[i]n pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred.” (e.s.) Plainly, it is a condition precedent to bringing the tort action herein that the notice requirements of Section 768.28(6), Florida Statutes (1983), have been complied with — and, accordingly, a general allegation to that effect is all that must be pled in the complaint. See Ashley v. Lamar, 468 So.2d 433 (Fla. 5th DCA 1985).
The final order under review is reversed and the cause is remanded to the trial court with directions to reinstate the initial complaint filed herein.