PER CURIAM.
The appellant, David S. Pontier, challenges a final order dismissing with prejudice the legal malpractice complaint he filed against the appellee, Myron L. Wolfson. We reverse.
This action arose out of the appellee’s representation of the appellant in a criminal matter. The appellee, rather than answer the appellant’s complaint which alleged that the appellee was negligent, filed a motion to dismiss the complaint on the basis that it did not state a cause of action because any action was barred by the statute of limitations and because the release attached to the motion relieved the appellee from any liability to the appellant. At the conclusion of a hearing on this motion, the trial court granted the motion on both grounds and entered an order dismissing the action with prejudice. This timely appeal followed.
The record indicates that the appellee in addition to the motion to dismiss filed a motion for summary judgment. There was no hearing on the motion for summary judgment. Although there is writing on the motion for summary judgment filed by the ap-pellee that indicates the court may have also granted a summary judgment for the appel-lee, the record does not include a final summary judgment and the appellant does not refer to a summary judgment in his notice of appeal. We, accordingly, can only consider the order dismissing the appellant’s action on the basis of the appellee’s motion to dismiss.
The trial court in its order dismissing the appellant’s complaint found that the appellant’s cause of action was barred because of a release executed by the appellant and because of the statute of limitations. The defense of release is an affirmative defense which must be pled in the answer. Fla.R.Civ.P. 1.110(d). A defense based upon the statute of limitations is also normally an affirmative defense which should be raised in an answer. This defense, however, may be asserted in a motion to dismiss under Florida Rule of Civil Procedure 1.140(b) if the defense appears on the face of a prior pleading. Fla.R.Civ.P. 1.110(d); Hofer v. Ross, 481 So.2d 939 (Fla. 2d DCA 1985). In this case, the appellee did not file an answer containing affirmative defenses and a review of the four corners of the appellant’s complaint does not indicate that the applicable statute of limitations bars his action. The court, therefore, erred by granting the appellee’s motion to dismiss. Hofer.
We, accordingly, reverse and remand for further proceedings consistent with this opinion.
DANAHY, A.C.J., and SCHOONOVER and FULMER, JJ., concur.