SUAREZ, J.
 

 Belki A. Cabral (“Ms.Cabral”) appeals a final judgment in favor of the City of Miami Beach (“the City”) entered upon an order of dismissal in favor of the City. We reverse and remand with instructions to reinstate the complaint.
 

 On November 2, 2004, Ms. Cabral was involved in an automobile accident with a vehicle driven by a City of Miami Beach employee. On November 8, 2004, six days after the accident, Ms. Cabral’s then-attorney, Bennett Drew Fultz, sent a letter to the City notifying it that he represented Ms. Cabral in a claim for damages, as is required under section 768.28, Florida Statutes (2010).
 
 [1]
 
 Again, on December 21, 2004, Jerrard B. Cutrone, of counsel to attorney Fultz, sent a letter to the City notifying it of the claim. On March 1, 2005, a letter from the City’s risk management department acknowledged receipt of the letters and asked for further information on the claim. On November 2, 2007, the City received yet another letter via Federal Express this time from attorney Peter Miller advising that he now represented Ms. Cabral and, again, notifying the City of her claim. The letter was sent by Federal Express on November 1, 2007, and was received by the City on November 2, 2007. On October 31, 2008, another attorney, Andrew Gerson, then representing Ms. Cabral, brought a lawsuit against the City for negligence. The complaint properly alleged that Ms. Cabral had satisfied all of the pre-suit notice requirements for bringing the action. The attachments to the complaint included the receipt from Federal Express showing that the required notice was served on the City of Miami Beach on November 2, 2007.
 
 [2]
 
 The complaint did not attach or refer to any of the previous notices. The City moved to dismiss on grounds that Ms. Cabral had failed to comply with the three-year notice requirement of section 768.28(6)(a). The City argued that the Federal Express receipt attached to the complaint was received one day after the statutory three-year notice requirement had expired on November 1, 2007.
 
 [3]
 
 The City failed to refer to the two previous notices it had timely received and acknowledged.
 

 
 *326
 
 At this point, the trial judge had not been informed of the two previous timely statutory notices of claim received by the City. Never having been informed of the City’s two previous receipts of timely notice of Ms. Cabral’s claim, the trial judge granted the City’s motion and dismissed the cause of action with prejudice. Andrew Gerson moved for rehearing. He alleged that he was not present at the hearing on the motion to dismiss due to lack of notice and raised the issue of possible improper calculation of the statute of limitations. In support of his motion, he attached the November 2, 2007, Federal Express receipt of notice of claim and another post office receipt of claim dated November 5, 2007. Neither side informed the trial judge of the prior timely notices. On April 7, 2009, Peter Miller moved for leave to file an amicus curiae motion in support of rehearing. Attaching the pertinent letters of notification to the City, attorney Miller advised the trial judge that the City already had received two prior notices of claim, one dated November 8, 2004, from Bennett Drew Fultz, and another, dated December 21, 2004, from Jerrard B. Cutrone, both well within the time provided for under the three-year statute of limitations. He also pointed out that the City already had acknowledged receipt of the notice of claim in its letter to attorney Cutrone dated March 1, 2005, well within the time limitation period for notices of claim under section 768.28. This was the first time that the trial judge was informed of the prior timely notices of claim.
 

 The trial court denied without prejudice the Motion for Leave to File Amicus Curiae Motion in Support of Plaintiffs Motion for Rehearing. The trial court denied with prejudice the Motion for Rehearing of the order granting the City’s motion to dismiss on the basis that the City was not served with the motion for rehearing within the required ten days of the order of dismissal pursuant to Florida Rule of Civil Procedure 1.530(b). Peter Miller filed a Renewed Motion for Leave to File Amicus Curiae Motion in Support of Rehearing. The City’s response never addressed the fact that it had received the two prior
 
 timely
 
 notices of claim dated November 8, 2004, and December 21, 2004, and that it had, in fact, acknowledged, in writing, receipt of the notices of claim. The trial judge denied the Renewed Motion for Leave to File Amicus Curiae Motion in Support of Rehearing. A successor judge entered a final judgment in favor of the City.
 

 As a general rule, the question of whether a claim is barred by the statute of limitations should be raised as an affirmative defense in the answer rather than in a motion to dismiss. However, if facts on the face of the pleadings show that the statute of limitations bars the action, the defense can be raised by motion to dismiss.
 
 Anderson v. Emro Mktg. Co.,
 
 550 So.2d 531 (Fla. 1st DCA 1989). Where the question is whether notice under section 768.28(6)(a) was timely given, the issue of proper notice should be raised by answer or judgment on the pleadings. Ms. Cabral’s complaint alleged that she had satisfied all pre-suit notice requirements. Based on the allegations of Ms. Cabral’s complaint, we find that she adequately pled that she gave proper notice to the City.
 
 Glace v. Lower Fla. Keys Hosp. Dist.,
 
 481 So.2d 509 (Fla. 3d DCA 1985). “We reach this result based on the authority of Fla. R. Civ. P. 1.120(c) which states that ‘[i]n pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred.’ ”
 
 Glace,
 
 481 So.2d at 509;
 
 see also
 
 Fla. R. Civ. P. 1.120(c). After performance of conditions precedent to a lawsuit have been alleged by the plaintiff, the
 
 *327
 
 burden then shifts to the defendant to deny with specificity and particularity that the required notices were given, and to properly present this issue to the trial court in the context of a summary judgment motion,
 
 see
 
 Fla. R. Civ. P. 1.510, or in a motion for judgment on the pleadings.
 
 See
 
 Fla. R. Civ. P. 1.140(c);
 
 Ashley v. Lamar,
 
 468 So.2d 438 (Fla. 5th DCA 1985). The City’s contention that it had not received timely notice is an affirmative defense that is not properly raised in a motion to dismiss.
 

 On motion for rehearing, Ms. Cabral refuted that the statute of limitations had run and argued that the notice of claim had been timely presented to the City. Although the trial court was without jurisdiction to hear the motion for rehearing due to the failure to serve timely under Florida Rule of Civil Procedure 1.530(b), the same grounds again were raised timely by the Renewed Motion for Leave to File Amicus Curiae Motion in Support of Rehearing. As stated in
 
 Kash N’Karry Wholesale Supermarkets, Inc. v. Garcia,
 
 221 So.2d 786, 789 (Fla. 2d DCA 1969), “[i]t is apparent that [appellant] was in the right church but in the wrong pew; in other words, [she] alleged potentially meritorious grounds under one motion, when [she] should have alleged them in the other.” The City has never disputed the additional and overlooked evidence that the City had actually received proper and timely notice in a letter dated November 8, 2004, and again in a letter dated December 21, 2004, twice even before the issue of the statute of limitations arose. Although this evidence should have been alleged in a properly served motion for rehearing under Florida Rule of Civil Procedure 1.530(b), as Ms. Cabral’s counsel had a duty to monitor the current status of the case with regard to the time periods and the statute of limitations which might have affected his client’s rights,
 
 see Kash N’Karry,
 
 221 So.2d at 789, if his neglect to do so was excusable, appropriate relief would have been for the trial court to proceed as though the appellant
 
 had
 
 filed a proper and timely motion pursuant to Florida Rule of Civil Procedure 1.540(b), and not to have dismissed the case. Therefore, as in
 
 Kash N’Karry,
 
 we treat the Renewed Motion for Leave to File Amicus Curiae in Support of Rehearing as filed within the meaning of Florida Rule of Civil Procedure 1.540 based upon excusable neglect. We would normally remand the case for an evidentiary hearing and a determination by the trial court as to whether Ms. Cabral has shown excusable neglect within the meaning of Florida Rule of Civil Procedure 1.540 sufficient to permit reconsideration of the statutory notice claims which, undisputedly, had been timely served on the City.
 
 See Knowles v. JPMorgan Chase Bank, N.A.,
 
 994 So.2d 1218 (Fla. 2d DCA 2008) (reversing and remanding as an abuse of discretion for trial court to refuse to consider counter-affidavit presented for first time on motion for rehearing where the court was unaware of evidence that would have changed the posture of the case). But based on the facts of this case, wherein the record shows, and the City does not dispute that the City did receive timely statutory notice of the claim at least two, if not three, times thereby making moot any question of excusable neglect on the part of the plaintiff, we reverse and remand with instructions to the trial court to reinstate the complaint.
 

 Reversed and remanded with instructions to the trial court to reinstate the complaint.
 

 [1]
 

 . Section 768.28(6)(a) bars a claim from being brought against the state or one of its agencies or subdivisions unless written notice of the claim is first given within three years after the claim accrues:
 

 (6)(a) An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality or the Florida Space Authority, presents such claim in writing to the Department of Financial Services, within 3 years after such claim accrues....
 

 [2]
 

 . On April 9, 2009, Andrew Gerson withdrew as counsel for Ms. Cabral.
 

 [3]
 

 . We question whether the statute of limitations had actually expired. The dates presented and relied upon do not conclusively establish that the notice of claim had not been served "within 3 years” after the claim accrued.
 
 See
 
 § 768.28(6)(a), Fla. Stat. (2010);
 
 McMillen v. Hamilton,
 
 48 So.2d 162 (Fla.1950) (holding that, in computing time to determine whether an act was performed within a specified period of time under the statute of limitations, the first day is excluded and the last day of the period is included);
 
 Blacks Law Dictionary
 
 1437 (5th ed. 1979) ("[W]hen used relative to time, [within] had been defined variously as meaning any time before; at or before; at the end of; before the expiration of; not beyond; not exceeding; not later than.”).