SALTER, J.
Yulexi Expósito, individually and on behalf of her minor daughter Stephanie Gonzalez, appeals final orders and judgments: dismissing her amended complaint with prejudice; denying her motion for clarification, rehearing, and leave to amend; and striking an exhibit showing proof of mailing of a statutory notice to the defendants pursuant to section 768.28, Florida Statutes (2010). We reverse and vacate the final orders and judgments below as to the remaining defendants,[1] and we remand the case to the trial court with directions to allow Ms. Expósito to file and serve her proposed second amended complaint.
*665 I. Proceedings Below
The remaining defendants in the ease, appellees here, are the Public Health Trust and three doctors. Stephanie was born (together with a twin sister) at Jackson Memorial Hospital in Miami on July 11, 2005. Stephanie was born prematurely and has suffered from seizures, cerebral palsy, spastic quadriplegia, cortical blindness, and encephalopathy.
On July 6, 2009, the attorneys for Ms. Expósito sent written notices of claim under section 768.28(6) by certified mail, return receipt requested, to the Florida Department of Financial Services, the Public Health Trust of Miami-Dade County, the University of Miami School of Medicine, the CEO of Jackson Memorial Hospital, and the five doctors later named as defendants. The “date of incident” was shown on the notice to have been July 11, 2005.
On July 10, 2010, Ms. Expósito filed her original complaint alleging medical malpractice by the defendants. The original and amended complaints included an allegation regarding conditions precedent: “All statutorily required conditions precedent to the maintenance of this action have been performed, have occurred, or have been waived. Plaintiffs have complied with all requirements of applicable Florida Statutes, prior to the filing of this action.” Specific compliance with section 768.26(6) was not separately alleged, although Ms. Exposito’s proposed second amended complaint would have added such an allegation (and would have attached copies of the statutory notices of claim and return postal receipts).
The defendants moved to dismiss the original and amended complaints based on their argument (among others) that Ms. Exposito’s claims were governed by the Florida Birth-Related Neurological Injury Compensation Plan, sections 766.301-.316, Florida Statutes (2010), and were thus required to be determined in the first instance by the Florida Birth-Related Neurological Injury Association (NICA). The circuit court stayed the lawsuit until the claim could be presented to NICA. An administrative law judge dismissed the NICA claim for the simple reason that Stephanie’s low birth weight disqualified her from the statutory plan, and this Court affirmed. Univ. of Miami v. Exposito, 87 So.3d 803 (Fla. 3d DCA 2012).[2]
The circuit court then heard the defendants’ motions to dismiss the amended complaint on other grounds. The defendants argued that Ms. Exposito’s claims were barred by the statute of limitations; that she failed to comply with section 768.26(6) by not filing her notices of claim “within three years of the incident;” that the doctors could not be personally liable under section 768.26(9); that the lawsuit was barred by section 768.13 (Florida’s “Good Samaritan Act”), because Stephanie’s alleged injuries occurred during a medical emergency; and that she failed to comply with the medical malpractice pre-suit requirements imposed by Chapter 766, Florida Statutes (2010), and Florida Rule of Civil Procedure 1.650.
At the July 2012 hearing on the motions to dismiss the amended complaint, the defendants raised two of these arguments: that the doctors were agents of the Public Health Trust and were thus immune under section 768.28(9), and that Ms. Expósito had failed to allege compliance with section 768.28(6) specifically, including the filing of the required notice of claim “within three years of the incident.” The trial court *666 took the matter under advisement, and in the interim the defendants submitted an amended motion to dismiss and a motion to strike the statutory notice of claim forms that Ms. Expósito had produced because they were provided over three years after “the incident.” The amended motion argued that the amended complaint should be dismissed with prejudice.
The trial court notified counsel that it found the defendants’ motions persuasive, the statutory notices of claim would be stricken, and the motion to dismiss the amended complaint would be granted. Defense counsel was instructed to prepare the order. Ms. Exposito’s counsel asked the court to withhold entering such an order until the court could consider counsel’s motion to further amend the complaint and memoranda addressing whether a dismissal should be with or without prejudice. The trial court agreed not to enter an order of dismissal until those issues could be heard.
Ms. Expósito then filed her motion to amend and proposed second amended complaint. The proposed second amended complaint included specific allegations regarding service of the July 6, 2009, notices of claim under section 768.28(6), and copies of those notices (and the return receipts evidencing delivery) were attached. In separate counts, the proposed second amended complaint alleged that the Public Health Trust had breached a non-delega-ble duty and that it was vicariously liable for the acts and omissions of its residents and attending staff. Separate counts were alleged against each physician defendant for negligence and, in the alternative, for negligence constituting bad faith, malicious purpose, or willful and wanton disregard of human rights, safety, or property. Ms. Exposito’s motion for clarification also argued that the facts and legal relationships among the University of Miami, Public Health Trust, and defendant doctors had not yet been established via discovery. The Public Health Trust and doctors responded with renewed claims of immunity and the bar of the three-year notice requirement in section 768.28, as measured from “the incident,” Stephanie’s birth.
In September 2012, the trial court entered three orders: granting the defendants’ motion to dismiss the amended complaint with prejudice; denying Ms. Exposito’s motions for clarification, rehearing, and leave to file the second amended complaint; and striking the statutory notices of claim and return receipts. This appeal ensued.
II. Analysis
Section 768.28(6)(a) and (b) provides, in pertinent part:
(6)(a) An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality or the Florida Space Authority, presents such claim in writing to the Department of Financial Services, within 3 years after such claim accrues and the Department of Financial Services or the appropriate agency denies the claim in writing ...
[[Image here]]
(b) For purposes of this section, the requirements of notice to the agency and denial of the claim pursuant to paragraph (a) are conditions precedent to maintaining an action but shall not be deemed to be elements of the cause of action and shall not affect the date on which the cause of action accrues.
We first reject the defendants’ argument that the first amended complaint was subject to dismissal because Ms. Ex- *667 posito alleged generally that statutory conditions precedent “have been performed, have occurred, or have been waived.” The allegation complies with the plain language of Florida Rule of Civil Procedure 1.120(c), and section 768.28 does not require greater specificity in the complaint. The defendants rely on Wright v. Polk County Public Health Trust Unit, 601 So.2d 1318 (Fla. 2d DCA 1992), which upheld the dismissal of a complaint that did not specifically allege compliance with the statute. We need not decide that issue, however, because in the present case Ms. Expósito proffered actual notices and a proposed second amended complaint that would have cured this alleged shortcoming.
We next reject the defendants’ argument that the three-year time period in section 768.28(6) runs from the date of Stephanie’s birth—the “incident,” according to the defendants. The plain language of that section states that the three years begins from the date “such claim accrues,” and “accrual” can be a mixed factual and legal conclusion. Section 95.031(1), Florida Statutes (2010), states that a “cause of action accrues when the last element constituting the cause of action occurs.” That definition is clearly different than the more restrictive formulation advanced by the defendants, the occurrence of a single “incident.”
A cause of action for medical malpractice may accrue at a date later than the “incident” establishing some, but less than all, of the elements of a plaintiffs claim. Tanner v. Hartog, 618 So.2d 177, 181 (Fla.1993). Section 95.11(4)(b), Florida Statutes (2013), recognizes the distinction between “the incident giving rise to the action”—in the present case, Stephanie’s birth—and discovery that an actionable incident of medical malpractice occurred:
(b) An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued, except that this 4-year period shall not bar an action brought on behalf of a minor on or before the child’s eighth birthday.
A bar based on accrual and alleged untimeliness, whether under section 768.28(6) or section 95.11(4)(b), ordinarily should be pled as an affirmative defense and is not appropriate for disposition on the face of a complaint. Cabral v. City of Miami Beach, 76 So.3d 324, 326 (Fla. 3d DCA 2011). In the present case, we express no opinion as to the remaining defendants’ rights to raise and argue untimeliness in response to the second amended complaint, and to move for summary judgment on that point should they elect to do so.
On this record, we conclude that the first amended complaint should not have been dismissed with prejudice. Ms. Expósito had not abused the privilege of amending, there was no demonstration of prejudice by the defendants, and it was not established that the proposed amendment would be futile. Hemingway v. Bresney, 733 So.2d 1135 (Fla. 4th DCA 1999). We find the defendants’ remaining arguments unpersuasive and reject them without further discussion.[3]
*668 III. Conclusion
For the reasons set forth, we reverse the three orders below, reinstate the case, and remand for service of the second amended complaint and further proceedings consistent with this opinion.
Reversed and remanded.

. Three of the original defendants (the University of Miami School of Medicine and two doctors) have settled separately with Ms. Ex-pósito.

. This Court also granted appellate attorney's fees and costs to Ms. Expósito under section 57.105, Florida Statutes (2011), and Florida Rule of Appellate Procedure 9.410(b), as a sanction for the defendants’ appeal from the administrative law judge's NICA ruling.

. We take this occasion to criticize the defendants/appellees’ remarkable flurry of post-argument "notices of additional authority” and “motions to supplement the record.” After *668 oral argument in May 2014, counsel for the appellees filed and served five such notices and amended notices of additional authority apprising us of ten opinions dating from 1948 through 2003, together with narrative constituting additional argument. After oral argument, the appellees also sought to supplement the record with documents filed in the lower tribunal after the notices of appeal were filed. We initially granted the motion to supplement, but after further review we vacate that May 28, 2014, order and strike the post-argument motion to supplement the record. We caution counsel for the appellees to review Florida Rules of Appellate Procedure 9.200(f) and 9.225, as well as Brown & Williamson Tobacco Corp. v. Young, 690 So.2d 1377 (Fla. 1st DCA 1997), regarding such filings.