IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ONIKA WILLIAMS,

      Appellant,

v.

THE CITY OF JACKSONVILLE
(COUNTY OF DUVAL),
JACKSONVILLE SHERIFF'S
OFFICE, JAMES F. BYRNE, as
an individual, CITY OF
JACKSONVILLE'S RISK
MANAGEMENT DIVISION, and
FLORIDA DEPARTMENT OF
FINANCIAL SERVICES,

      Appellees.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-4553

_____/

Opinion filed May 6, 2016.

An appeal from the Circuit Court for Duval County.
Lawrence P. Haddock, Judge.

Onika Williams, pro se, Appellant.

Gabriella Young and Craig D. Feiser, Assistant General Counsels, City of
Jacksonville, Office of General Counsel, Jacksonville, for Appellees.


BILBREY, J.

      Onika Williams appeals the trial court's order granting the City of

Jacksonville's motion to dismiss the complaint and dismissing the negligence

action with prejudice based on the passage of time and the limitations period set out in section 768.28(6)(a), Florida Statutes. Because the allegations in the complaint were sufficient to withstand the motion to dismiss as to the City, and because the affirmative defense and additional facts argued by the parties are not cognizable upon a motion to dismiss, we reverse in part and remand for further proceedings as to the City. Ms. Williams did not challenge the dismissal as to the Jacksonville Sheriff's Office, Officer James F. Byrne, and the City of Jacksonville's Risk Management Division. Therefore, the dismissal of those parties is affirmed. See Land v. Fla. Dep't. of Corr., 181 So. 3d 1252 (Fla. 1st DCA 2015) (if not raised in an initial brief, an issue is abandoned).[1]

The complaint was filed on January 2, 2015. Ms. Williams alleged that on January 5, 2011, she was struck by a City of Jacksonville police vehicle as she crossed an intersection on foot. She also alleged that the action was timely filed under the statute of limitations in section 95.11(3)(a), Florida Statutes, and that the action "complies with Section 768.28(6)(a), Florida Statutes," which requires written notice of a claim against the State or a subdivision be provided within three years in most circumstances.

---

[1] The order of dismissal did not mention the Florida Department of Financial Services. Nothing in the record shows that DFS was served or participated in the trial court proceedings. Although the complaint does not explain how DFS would be responsible for the alleged negligence of the City or its employee, any proceedings against DFS are unaffected by this appeal.

The City of Jacksonville did not file an answer to the complaint. See Fla. R. Civ. P. 1.110(c)-(d). Rather, the City filed a motion to dismiss the complaint with prejudice, asserting several grounds, including Plaintiff's failure to comply with section 768.28(6) and with the additional, more specific requirement in the City's local ordinance that the notice be served on the General Counsel. Ms. Williams responded to the motion to dismiss with additional allegations of fact not contained in the complaint, including the date she had notified City officials pursuant to section 768.28(6)(a); that she submitted claim forms to the City and other officials; that a City Risk Management representative had corresponded with her several times; and that her correspondence with the Risk Management representative included an offer of settlement of Ms. Williams' claim through the City's insurer. Ms. Williams submitted exhibits to her response to support these factual assertions.

At the hearing on the motion to dismiss, counsel for the City argued that Ms. Williams failed to comply with section 768.28(6), and failed to provide any information to the City's General Counsel, as required by the City ordinance. Counsel for the City also argued that Ms. Williams' time limit to do these things had expired and therefore the case should be dismissed with prejudice. Ms. Williams argued that the City had actual notice of her claim and the City personnel actively investigated and negotiated with her, thus waiving additional notice or tolling the time for such additional notice. These factual matters went well beyond

3

the face of the complaint and were not properly before the trial court prior to the filing of a responsive pleading.

Following the motion hearing, the trial court found that Ms. Williams failed to comply with the pre-suit notice required by section 768.28, that the passage of time made compliance impossible, and that the named defendants other than the City itself were not proper parties to the action.[2] The trial court dismissed the case with prejudice.

"[T]his court typically reviews de novo, as a question of law, an order dismissing a complaint as untimely." P.I.E., LLC v. DeSoto Cnty., 133 So. 3d 577, 579 (Fla. 2d DCA 2014). Our review of the complaint shows that the general allegations of compliance with sections 95.11(3)(a) and 768.28(6)(a), Florida Statutes, were sufficient to allege compliance with the conditions precedent to the lawsuit. Plaintiff's failure to allege that she had complied with the City's ordinance requiring service of notice upon the General Counsel did not render the complaint deficient because rule 1.120(c), Florida Rules of Civil Procedure, does not require citation to each statute or rule setting out or affecting the conditions precedent.

Where, as here, the complaint alleges compliance with the conditions precedent to suit, "the burden then shifts to [the City] to deny with specificity and

---

[2] As previously mentioned, the order did not address DFS.

particularity that the required notices were given and to properly present this issue to the trial court in the context of a summary judgment motion, see Fla. R. Civ. P. 1.510, or in a motion for judgment on the pleadings." Cabral v. City of Miami Beach, 76 So. 3d 324, 326-27 (Fla. 3d DCA 2011). "A bar based on accrual and alleged untimeliness, whether under section 768.28(6) or [the applicable statute of limitations], ordinarily should be pled as an affirmative defense and is not appropriate for disposition on the face of a complaint." Exposito v. Pub. Health Trust of Miami-Dade Cnty., 141 So. 3d 663, 667 (Fla. 3d DCA 2014).

Motions to dismiss a complaint prior to a responsive pleading are allowed, but only when based on one of the grounds enumerated in rule 1.140(b), Florida Rules of Civil Procedure, or based on an affirmative defense, such as the statute of limitations, "appearing on the face of a prior pleading." Fla. R. Civ. P. 1.110(d). Only if the face of the complaint indicates the expiration of the statute of limitations may that affirmative defense be raised in a motion to dismiss. Pontier v. Wolfson, 637 So. 2d 39, 40 (Fla. 2d DCA 1994); Exposito. A plaintiff is not required to anticipate affirmative defenses, including the statute of limitations, with specific allegations in her complaint in order to survive a motion to dismiss. Estate of James v. Martin Mem. Hosp., 422 So. 2d 1043, 1045 (Fla. 4th DCA 1982); see also Commenos v. Family Practice Med. Grp., Inc., 516 So. 2d 37, 38 (Fla. 1st DCA 1987).

The City's assertion in its motion—that Ms. Williams failed to file pre-suit notice of her claim with the City's General Counsel's office, as required by a city ordinance supplementing section 768.28(6)(a)—does not appear on the face of the complaint. Because the facts alleged on the face of the complaint do not conclusively establish that the statute of limitations for pre-suit notice to the City bars Ms. Williams' claim, dismissal of her lawsuit with prejudice was reversible error. Ervans v. City of Venice, 169 So. 3d 267, 268 (Fla. 2d DCA 2015); Estate of James; Commenos.

The additional facts presented by Ms. Williams in her response to the motion to dismiss and at the hearing on the motion to dismiss indicated that she contacted the City prior to the expiration of the three-year time limit for pre-suit notice, under section 768.28(6)(a), and that a City employee in the Risk Management office responded, investigated, and partially negotiated Ms. Williams' claim—including an offer of a substantial monetary settlement—prior to the filing of the lawsuit. "If the alleged circumstances suggest the possibility that the plaintiff 'could plead matters in avoidance of the limitations defense,' dismissal is inappropriate." Wishnatzki v. Coffman Constr. Inc., 884 So. 2d 282, 285 (Fla. 2d DCA 2004) (citing Zweibach, Davis, P.A. v. Levine, 734 So. 2d 1191, 1195 (Fla. 2d DCA 1999)). The factual questions about whether Ms. Williams' notice complied with section 768.28(6), the effect of the City's ordinance specifying the General

Counsel as the proper recipient for notice to the City, and actions by City personnel that might have waived additional notice or tolled the limitations period for additional, more formal notice to the General Counsel are matters beyond the four corners of the complaint and require the submission of evidence not cognizable upon a motion to dismiss.

Under the circumstances of this case and the stage of the litigation, the trial court's dismissal of the complaint as against the City, with prejudice, upon the pre-answer motion to dismiss was premature. The order dismissing the complaint with prejudice as against the City of Jacksonville is reversed and this cause is remanded for further proceedings. The dismissal as to the Jacksonville Sheriff's Office, Officer James F. Byrne, and the City of Jacksonville's Risk Management Division is affirmed.

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.

RAY and JAY, JJ., CONCUR.