# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**ALFRED RHINER,**
Appellant,

v.

**TAKASHI KOYAMA, DMD,**
Appellee.

No. 4D20-2196

[September 8, 2021]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County, Barbara W. Bronis, Judge; L.T. Case No. 562017CA000579.

Alfred Rhiner, Avon Park, pro se.

Alyssa M. Reiter of Wicker Smith O'Hara McCoy & Ford, P.A., Fort Lauderdale, for appellee.

FORST, J.

Appellant Alfred Rhiner appeals the trial court's order granting Appellee Dr. Takashi Koyama's motion to dismiss the amended complaint against him for failing to comply with the statutory pre-suit notice requirements within the statute of limitations period. Because the trial court relied on matters that were beyond the four corners of the complaint in making its ruling, we reverse.

## Background

While incarcerated in prison, on September 7, 2014, Appellant was attacked by other inmates which resulted in lacerations and a fractured jaw. Appellant was brought to a hospital and his lacerations were sutured and stapled. Following this treatment, Appellant was transferred to Lawnwood Regional Medical Center ("Lawnwood") where Appellee performed oral surgery on Appellant's fractured jaw.

On March 9, 2017, Appellant filed a complaint for medical malpractice against multiple defendants, including Lawnwood and Appellee. Appellant alleged in his complaint that he complied with the pre-suit notice requirements of Chapter 766, Florida Statutes.

Section 766.106(2)(a), Florida Statutes (2016), provides in pertinent part:

> (a) After completion of presuit investigation pursuant to s. 766.203(2) and prior to filing a complaint for medical negligence, a claimant shall notify each prospective defendant by certified mail, return receipt requested, of intent to initiate litigation for medical negligence. Notice to each prospective defendant must include, if available . . . the executed authorization form provided in s. 766.1065.

Appellee moved to dismiss the complaint. In his motion, Appellee contended that, within the two-year statute of limitations period for medical malpractice suits set forth by section 95.11(4)(b), Florida Statutes, he had not been served with the pre-suit notice required by section 766.106(2)(a).

Appellant responded he had served the pre-suit notice to Lawnwood and argued such service imputed notice to Appellee. Appellant attached several exhibits to his response. One exhibit contained certified mail receipts which appeared to demonstrate that two pre-suit notices were mailed to Lawnwood's address, one directed towards Lawnwood and the other directed towards Appellee. Another exhibit depicted a completed authorization for release form that was directed towards Appellee, and listed Appellee's correct address.

At the hearing on the motion to dismiss—during which no evidence was taken—Appellee argued that the complaint must be dismissed for two reasons. First, Appellee argued that sending the pre-suit notice to Lawnwood did not impute notice to Appellee because a legal relationship between the two did not exist. In support of this argument, Appellee asserted that he was not Lawnwood's employee, but instead was merely granted privileges to use Lawnwood's facility. Second, Appellee argued that the exhibits attached to Appellant's response demonstrated that the pre-suit notice was not accompanied by the authorization for release of medical records, and as a result, the pre-suit notice must be deemed void.

The trial court agreed with both arguments and dismissed the complaint against Appellee with prejudice.

## Analysis

"The standard of review of orders granting motions to dismiss is *de novo.*" *Scott v. Progressive Express Ins. Co.*, 932 So. 2d 475, 477 (Fla. 4th DCA 2006) (quoting *MEBA Med. & Benefits Plan v. Lago*, 867 So. 2d 1184, 1186 (Fla. 4th DCA 2004)). "The purpose of a motion to dismiss is to test the legal sufficiency of [the] complaint, not to determine factual issues." *Sealy v. Perdido Key Oyster Bar & Marina, LLC*, 88 So. 3d 366, 367–68 (Fla. 1st DCA 2012); *see also Renroc,*

*Inc. v. Merica, Burch & Dickerson, Inc.*, 914 So. 2d 1107, 1108 (Fla. 4th DCA 2005). This means that "[t]he trial court may not look beyond the four corners of [the] complaint when ruling on a motion to dismiss." *Norwich v. Glob. Fin. Assocs., LLC*, 882 So. 2d 535, 536 (Fla. 4th DCA 2004).

Moreover, "[a]ll allegations of the complaint must be taken as true and all reasonable inferences drawn therefrom must be construed in favor of the non-moving party." *Chodorow v. Porto Vita, Ltd.*, 954 So. 2d 1240, 1242 (Fla. 3d DCA 2007). "[I]f the analysis of a claim is factually intensive, it is better addressed on a summary judgment motion, or at trial, but certainly not on a motion to dismiss." *Id.* However, "[a] motion to dismiss may be granted on statute of limitations grounds 'where the facts constituting the defense affirmatively appear on the face of the complaint and establish conclusively that the statute of limitations bars the action as a matter of law.'" *Aquatic Plan Mgmt., Inc. v. Paramount Eng'g, Inc.*, 977 So. 2d 600, 604 (Fla. 4th DCA 2007) (quoting *Bott v. City of Marathon*, 949 So. 2d 295, 296 (Fla. 3d DCA 2007)).

As noted above, the trial court here granted the motion to dismiss on two grounds. The court initially found that serving the pre-suit notice to Lawnwood did not impute notice to Appellee because a legal relationship did not exist. This finding was based on Appellee's assertion that he was not Lawnwood's employee but was merely granted privileges to use Lawnwood's facility. The trial court then found that the pre-suit notice was void because it did not accompany an authorization for release of medical records as required by statute. This finding was based on the exhibits that were attached to Appellant's response to the motion to dismiss. Neither ground for dismissal was based on any of the allegations stated within the complaint.

*Williams v. City of Jacksonville*, 191 So. 3d 925 (Fla. 1st DCA 2016), is analogous to the instant case. In *Williams*, the plaintiff filed an action for negligence against the defendant. *Id.* at 926. Because the defendant qualified as a state agency or subdivision, the plaintiff was required by statute to provide pre-suit notice to the defendant (albeit, under section 768.28, Florida Statutes). *Id.* The defendant filed a motion to dismiss based on the plaintiff's failure to serve it with the pre-suit notice within the statute of limitations period. *See id.* The trial court granted the motion to dismiss, relying on (1) the defendant's assertions that were stated within the motion to dismiss and during the hearing, and (2) the plaintiff's factual statements set forth within both her response to the motion to dismiss and the exhibits attached to her response. *Id.* at 927. On appeal, the First District reversed, holding the trial court improperly granted the motion to dismiss on such grounds because it had relied on matters that were beyond the four corners of the complaint. *Id.* at 928.

Although *Williams* dealt with pre-suit requirements under Chapter 768, as opposed to Chapter 766, the underlying rationale is the same. Like *Williams*,

the trial court here went beyond the four corners of the complaint and instead made factual findings based on assertions and exhibits attached to Appellant's response. The factual questions of whether a legal relationship existed between Appellee and Lawnwood and whether the pre-suit notice accompanied the authorization for release of medical records form "are matters beyond the four corners of the complaint [that] require the submission of evidence not cognizable upon a motion to dismiss." *Williams*, 191 So. 3d at 928*; see also Price v. JFK Med. Ctr., Inc.*, 595 So. 2d 202, 203 (Fla. 4th DCA 1992) ("[T]he relationship between hospital and doctor . . . is often unclear and raises a question for the jury.").

## Conclusion

The allegations in the underlying complaint, if treated as being true, were sufficient to withstand a motion to dismiss; thus, dismissal of the complaint was premature. *See King v. Baptist Hosp. of Miami, Inc.*, 87 So. 3d 39, 43 (Fla. 3d DCA 2012) (holding that it was premature for the trial court to grant the defendant's motion to dismiss the medical malpractice action because the plaintiff's complaint and attachments thereto, if taken as true, established that a legal relationship existed to impute pre-suit notice to the defendant). Therefore, this cause is reversed and remanded for reinstatement of the complaint against Appellee.

*Reversed and remanded for further proceedings.*

CIKLIN and GERBER, JJ., concur.

\*         \*         \*

**Not final until disposition of timely filed motion for rehearing.**