# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2023-3301

_____

JOY MOOSHIE,

Appellant,

v.

FLORIDA STATE LODGE
FRATERNAL ORDER OF POLICE,

Appellee.

_____


On appeal from the Circuit Court for Leon County.
Angela C. Dempsey, Judge.

December 11, 2024


PER CURIAM.

Appellant, Joy Mooshie, challenges the trial court's dismissal of her complaint with prejudice based on her failure to comply with the one-year statute of limitations contained in section 760.11, Florida Statutes (2023). Because we agree with Appellant that the trial court improperly relied on documents that were attached to the motion to dismiss filed by Appellee, Florida State Lodge Fraternal Order of Police, we reverse.[*]

---

[*] As a result of our disposition, we do not address Appellant's remaining issue.

## BACKGROUND

In March 2023, Appellant filed a complaint against Appellee under the Florida Civil Rights Act, alleging gender discrimination, age discrimination, and retaliation. Appellant alleged that she satisfied the conditions precedent to bringing the action and filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on February 23, 2021. She made no allegations concerning a response from the EEOC, and she did not attach any documents to her complaint.

Appellee moved to dismiss the complaint with prejudice, asserting that Appellant's claims were barred by section 760.11's one-year statute of limitations that began to run on August 25, 2021, the day the EEOC issued a notice of right to sue to Appellant. Appellee attached to its motion as exhibits the Charge of Discrimination Appellant dual filed with the EEOC and the Florida Commission on Human Relations on February 23, 2021, and the EEOC's Notice of Right to Sue issued to her on August 25, 2021.

In opposition to the motion to dismiss, Appellant moved to strike Appellee's exhibits and argued in part that the court was not permitted to consider the documents Appellee improperly attached to its motion as they were outside of the four corners of the complaint. At the motion hearing, Appellee argued that it properly referenced in its motion to dismiss the EEOC notice of right to sue because it was essential to Appellant's claim.

The trial court agreed with Appellee and denied Appellant's motion to strike upon finding that the discrimination charge and the notice of right to sue were central to her claims. The trial court then relied on the notice of right to sue to dismiss Appellant's complaint with prejudice upon determining that the one-year statute of limitations of section 760.11 began to run when the EEOC issued the notice on August 25, 2021, and barred Appellant's action filed on March 5, 2023. This appeal followed.

## ANALYSIS

We review de novo a trial court's dismissal of a complaint as untimely. *Williams v. City of Jacksonville*, 191 So. 3d 925, 927

2

(Fla. 1st DCA 2016). It is well established that the statute of limitations is an affirmative defense that should generally be raised in an answer, and it may be raised in a motion to dismiss only if its violation is conclusively established on the face of the complaint or its exhibits. *Id.* at 925, 928 (concluding that dismissal of the lawsuit with prejudice was reversible error because the facts alleged on the face of the complaint did not conclusively establish that the statute of limitations barred the claim); *see also Beachway Restaurants 2 v. Santo & June, Inc.*, 386 So. 3d 961, 963 (Fla. 4th DCA 2024); *Hernando Cnty. v. Hernando Cnty. Fair Ass'n*, Inc., 385 So. 3d 668, 670 (Fla. 5th DCA 2024); *Doe 1 v. Archdiocese of Miami, Inc.*, 360 So. 3d 778, 781 (Fla. 3d DCA 2023). Because the purpose of a motion to dismiss is to test the legal sufficiency of a complaint, a trial court's review is limited to the examination of the complaint and its attachments. *Summerlin v. L3 Commc'n Integrated Sys.*, LP, 348 So. 3d 673, 677 (Fla. 1st DCA 2022); *see also Reid v. Daley*, 276 So. 3d 878, 880 (Fla. 1st DCA 2019) ("A review of a motion to dismiss is limited to the four corners of the complaint; a court may therefore only consider the allegations in the complaint and attached documents incorporated therein.").

Our decision in *Summerlin* is instructive. Summerlin's complaint alleged that she satisfied all conditions precedent to bringing the action for discrimination and retaliation in that she filed a discrimination charge – which she did not attach to the complaint. 348 So. 3d at 675. The appellee attached the discrimination charge to its motion to dismiss and asked the trial court to consider its contents in determining whether the appellant had exhausted her administrative remedies. *Id.* (noting that the appellant moved to strike the discrimination charge because her purported failure to exhaust administrative remedies did not appear on the face of the complaint). We concluded that the trial court erred by dismissing the complaint for failure to exhaust administrative remedies because it improperly relied on the discrimination charge that was not attached to the complaint. *Id.* at 675–76. "[T]he trial court circumvented the four corners rule by straying from the complaint, resolving factual issues that were not before it, and relying on a document—the EEOC charge—which was only attached to the motion to dismiss." *Id.* at 677.

In rejecting the appellee's argument that the trial court properly considered the discrimination charge because the appellant was required to attach it to the complaint pursuant to Florida Rule of Civil Procedure 1.130(a), we explained that the rule does not require a document to be attached to a pleading merely because it is material to the allegations or relevant to an issue that will be raised; rather, the question is whether the action is derived from the instrument itself. *Id.* at 676–77. We concluded that the appellant "was not required to attach the discrimination charge to her complaint" because "the discrimination charge was not the basis of the Appellant's claims. That is, the action was not 'derived' from the charge of discrimination. Instead, Appellant's claims were predicated upon multiple statutory sections, sections that were detailed in her complaint." *Id.* at 677.

The same is true in this case. The discrimination charge and the EEOC notice of right to sue were not the bases of Appellant's claims, which were predicated on statutory violations and did not derive from those documents. *Cf. Air Quality Assessors of Fla. v. S.-Owners Ins. Co.*, 354 So. 3d 569, 571 (Fla. 1st DCA 2022) (explaining that "when 'the terms of a legal document are impliedly incorporated by reference into the complaint, the trial court may consider the contents of the document in ruling on a motion to dismiss,'" and concluding that the trial court properly considered the provisions of the insurance policy even though it was not attached to the complaint where the plaintiff alleged breach of the insurance policy); *Von Dyck v. Gavin*, 350 So. 3d 842, 844–45 (Fla. 1st DCA 2022) (concluding that the trial court properly considered the asset purchase agreement ("APA") in ruling on the motion to dismiss where "[t]he APA was not attached to the complaint but numerous references were made to the APA in the complaint, and Appellant raised the APA as the basis for one of its arguments").

The date the EEOC issued the notice of right to sue was essential to Appellee's motion to dismiss and to the trial court's ultimate dismissal of the lawsuit as time-barred, and it did not appear on the face of the complaint. By straying from the complaint and relying on the documents attached to Appellee's motion to dismiss, the trial court circumvented the four corners rule. Because the facts alleged on the face of the complaint did not

4

conclusively establish the expiration of the statute of limitations, the trial court reversibly erred by granting Appellee's motion and dismissing Appellant's lawsuit with prejudice.

Accordingly, we reverse the trial court's dismissal of Appellant's lawsuit and remand for further proceedings.

REVERSED and REMANDED.

LEWIS, B.L. THOMAS, and LONG, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Ashley N. Richardson and Marie A. Mattox of Marie A. Mattox, P.A, Tallahassee, for Appellant.

Paul A. Daragjati and Rose R. Daragjati of Paul Daragjati PLC, Jacksonville, for Appellee.